■ HOWARD F. STOCKFIELD, Respondent, v PHILLIS STOCK-FIELD, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals (1) from a judgment of the Supreme Court, Putnam County (Gurahian, J.), dated February 9, 1984, which, *inter alia,* awarded the plaintiff husband a divorce, (2) as limited by her brief, from so much of an order of the same court (Rubenfeld, J.), dated April 15, 1986, as, upon reargument and renewal, adhered to its original decision dated April 5, 1985, denying her motion to vacate the judg-

ment of divorce and for leave to submit a second amended answer asserting counterclaims for equitable distribution, maintenance, and child support, and (3) from an order of the same court, dated July 21, 1986, entered on the decision dated April 5, 1985, which denied her motion to vacate the judgment of divorce and for leave to submit a second amended answer asserting counterclaims for equitable distribution, maintenance and child support.

Ordered that the appeal from the judgment is dismissed since it was entered upon a stipulation; and it is further,

Ordered that the appeal from the order dated April 15, 1986 is dismissed, as no appeal lies from an order made upon reargument or renewal of a decision; and it is further,

Ordered that the order dated July 21, 1986 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff husband commenced the instant action for a divorce and ancillary relief on July 17, 1980, two days prior to the effective date of Domestic Relations Law § 236 (B). The defendant wife, by her attorney, served a notice of appearance on or about October 2, 1980, and interposed an answer on or about December 12, 1980. She was subsequently granted leave to submit an amended answer and counterclaim for child support, which she served on December 7, 1982.

The parties appeared with their attorneys before the Supreme Court, Putnam County (Gurahian, J.), on June 16, 1983, at which time they entered into an oral stipulation of settlement placed on the record in open court. The defendant agreed, as part of the settlement, to withdraw her answer to the first cause of action in the complaint requesting a divorce, to waive all claims for alimony, and to acknowledge that she had sufficient income and assets to support and maintain herself. After both parties expressly articulated their desire to be found by the terms and conditions of the stipulation, the court stated its assent thereto and granted the plaintiff a judgment of divorce. The judgment of divorce dated February 9, 1984, which provided that the stipulation be incorporated but not merged therein, was thereafter entered.

The defendant, by notice of motion dated October 18, 1984, requested an order vacating the judgment on the ground, *inter alia,* that the plaintiff had obtained the judgment by fraud and misrepresentation. She also requested leave to amend her answer and counterclaim pursuant to CPLR 3025 (b) by setting forth two counterclaims demanding equitable distribu-

tion, maintenance, and child support. The defendant alleged that she had been repeatedly and improperly told by her attorney prior to consenting to the stipulation that she was not entitled to equitable distribution with respect to the property acquired by the plaintiff during the marriage because the divorce action had been commenced two days prior to the effective date of the new law. She further contended that the plaintiff had fraudulently misrepresented his financial status in his statements of net worth. The court (Rubenfeld, J.), by decision dated April 5, 1985, rejected the defendant's arguments.

The defendant subsequently moved for reargument and renewal, which motion was granted by order of the same court, dated April 15, 1986. The court, however, adhered to its original determination in its decision dated April 5, 1985. The parties thereafter entered an order dated July 21, 1986, on the decision dated April 5, 1985. These appeals followed.

We conclude that the motion to vacate was properly denied. The allegations of fraud and misconduct on the part of the plaintiff are insufficient to warrant vacatur of the judgment, inasmuch as the defendant does not allege reliance upon the plaintiff's financial statements so as to induce her to enter into the stipulation (cf., Jensen v Jensen, 110 AD2d 679, 681; Harrington v Harrington, 103 AD2d 356, 359). In any event, the parties had already assumed adversarial roles when the plaintiff submitted his statements of net worth, and the defendant had the opportunity to conduct extensive discovery as to his financial status at that time. With respect to the proposed counterclaims requesting, inter alia, equitable distribution, we note that the plaintiff instituted the divorce action prior to July 19, 1980. Hence, the counterclaims would be governed by the law in effect prior to the enactment of Domestic Relations Law § 236 (B) pursuant to which equitable distribution was not available, and the court therefore properly denied the defendant leave to amend her answer to assert a counterclaim for equitable distribution (Valladares v Valladares, 55 NY2d 388). Finally, we decline to hold that the stipulation is so patently unfair as to require vacatur of the judgment. We have examined the remaining contentions raised by the defendant and find them to be without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.