■ NADINE MESHEL, Individually and as Administratrix of the Estate of IRVING S. MESHEL, Deceased, Respondent, v RESORTS INTERNATIONAL OF NEW YORK, INC., Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered November 8, 1988, which denied defendant's cross motion for summary judgment dismissing the complaint and directed a reference as to whether defendant is the proper party defendant in this action, unanimously reversed, on the law, the cross motion granted, and the complaint dismissed, without costs.

In this action, plaintiff alleges that agents or employees of the Britannia Towers Hotel, located on a complex known as the Paradise Island Resort and Casino in the Bahamas (hereinafter referred to collectively as The Resort) were negligent in their attempts to revive her husband, Irving Meshel, after he suffered apparent cardiac arrest in their hotel room. The complaint, which was served in December 1985, asserts that

shortly after midnight on the morning of March 8, 1985, agents of The Resort were negligent in responding to the emergency with defective oxygen equipment and spent or inadequate oxygen cylinders. In August 1988, plaintiff moved for an order directing defendant to produce a witness with knowledge of the facts for examination before trial. Defendant interposed the subject cross motion which the IAS court denied, holding plaintiff's motion in abeyance pending the findings of the Special Referee regarding defendant's relationship to the owner of The Resort.

The issue presented upon this appeal is whether defendant has a sufficient relationship with The Resort to require it to answer for the alleged negligence of The Resort's agents or employees. In his examination before trial dated March 23, 1988, Herbert S. Norton, a director and vice-president of defendant Resorts International of New York, Inc. (Resort Tours) and an executive vice-president of Resorts International, Inc. (Resorts International), a Delaware corporation, testified that the sole business of Resort Tours is to provide customers for the Atlantic City hotel known as the Resorts International Casino. He explained that defendant's name was changed to Resort Tours, Inc. subsequent to its incorporation in 1979. He stated that Resort Tours has never had any relationship to The Resort in the Bahamas, which was owned by Resorts International through intermediate corporations. In the corrections and additions to his deposition, Mr. Norton indicated that Resorts International has no present ownership interest in The Resort.

The affidavit of David G. Bowden, the secretary and vice-president of Resort Tours, states that defendant's business consists of "promoting and furnishing * * * transportation for patrons to the hotel and casino owned and operated by RESORTS INTERNATIONAL HOTEL, INC., a New Jersey corporation, in Atlantic City". It confirms that defendant has never had any interest in or control over The Resort and that defendant's name was changed to Resort Tours, Inc. on July 9, 1986. It further reveals that no change in the ownership of the corporation accompanied the name change and that defendant's stock has always been 100% owned by Resorts International.

Plaintiff's position is that defendant held itself out as the owner and operator of The Resort. She suggests that certain exhibits contained in the record connect defendant with the operation and management of The Resort.

We disagree. In all of the brochures, the owner is referred

to either as "Resorts International, Inc." or "Resorts International". Defendant's former name, Resorts International of New York, Inc., is not mentioned at all in the literature. Therefore, the evidence contained in the record reflects only that The Resort was indirectly owned by Resorts International, which also owned a 100% interest in Resort Tours. There is no evidence to suggest that defendant and Resorts International share employees, assets or business, and liability cannot be predicated on the theory that Resort Tours is merely the alter ego of Resorts International *(Berkey v Third Ave. Ry. Co.,* 244 NY 84). While apparent agency "may arise from acts and appearances which lead others to believe that such a relationship has been created" *(Wood v Holiday Inns,* 508 F2d 167, 176 [5th Cir 1975]), the record is devoid of evidence of representations made by defendant to the effect that Resorts International was its agent *(Bank v Rebold,* 69 AD2d 481, 493). In the absence of a clear indication of dominion and control, parent, subsidary or affiliated corporations are treated separately and independently for purposes of assigning legal responsibility *(Alexander & Alexander v Fritzen,* 114 AD2d 814, 815, *affd* 68 NY2d 968). The distant relationship, through the parent company, is insufficient to effect a transfer of liability from The Resort to defendant. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.