■ MARGERY DIPPELL, Appellant, v GEORGE J. DIPPELL, JR., Respondent.—In an action for specific performance of an escrow agreement dated April 9, 1982, and, in effect, for a judgment declaring the plaintiff's rights with respect to the escrow agreement, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered February 9, 1990, as, upon reargument, adhered to the original determination, made in a decision of the same court dated December 4, 1989, that her motion for summary judgment should be denied in its entirety on the ground that the issue of whether she was entitled to specific performance was academic, and (2) from an order of the same court, entered March 16, 1990, entered upon the decision dated December 4, 1989.

Ordered that the appeal from the order entered February 9, 1990, is dismissed, without costs or disbursements, as no appeal lies from an order made upon reargument and adhering to an original determination made in a decision (see, *Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the order entered March 16, 1990, is modified,

on the law, by deleting the provision thereof which denied the plaintiff's motion for summary judgment in its entirety, and substituting therefor a provision granting the plaintiff's motion for summary judgment to the extent that it is declared that the defendant is required to maintain an excrow account with a market value of $100,000, pursuant to an escrow agreement dated April 9, 1982, and otherwise denying the motion; as so modified, the order entered March 16, 1990, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate declaratory judgment.

The plaintiff and her former husband were separated in 1979 and were subsequently divorced pursuant to the terms of a stipulation of settlement, dated May 24, 1979, which was incorporated, but not merged, in a judgment of divorce dated July 24, 1979. The stipulation provided, *inter alia*, that her former husband pay the plaintiff during her lifetime the sum of $20,000 per annum, in two semi-annual payments. On May 24, 1979, the plaintiff's son (hereinafter the defendant), in open court, stipulated to guarantee the maintenance payments throughout the plaintiff's lifetime. Moreover, to ensure payment, he agreed to deposit and, thereafter, consistently maintain the sum of $100,000 on account with the Morgan Guaranty Trust Company for plaintiff to invade in the event of a default. Thereafter, the parties agreed to substitute the Bank of Hempstead (now Norstar Trust Company) for Morgan Guaranty Trust Company. On April 9, 1982, the parties entered into an escrow agreement, and the defendant agreed to maintain the market value of the escrow account at $100,000. Thereafter, the defendant permitted the value of the account to fall below $100,000. As a consequence, the plaintiff commenced the instant action to compel the defendant to comply with the escrow agreement, and shortly thereafter she moved for summary judgment. In November 1989 the defendant deposited enough money in the escrow account to raise the sum above the requisite level. The court then denied the plaintiff's motion as academic.

Because the plaintiff was seeking, in effect, a judgment declaring her rights with respect to the escrow agreement, we declare that pursuant to the stipulation of settlement and the escrow agreement the defendant is required to maintain an escrow account with a market value of at least $100,000 with the Bank of Hempstead (now Norstar Trust Company) for the plaintiff to invade in the event of a default.

The parties' remaining contentions are without merit. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.