*840 OPINION OF THE COURT
Louis B. York, J.
This is the second time this matter is before me for a traverse hearing. Respondent originally was evicted pursuant to a possessory judgment by default in this nonpayment hearing. Thereafter, respondent successfully brought a motion to restore it to possession on the ground of lack of jurisdiction. After a traverse hearing brought on by respondent’s motion to restore, I found that the process server had served a person named either Stan Marges or Stan Marcus, who could not be identified as an existing person, employee or principal at respondent’s premises. As a result, respondent was restored to possession. Petitioner then brought another proceeding in this court for the rent and prevailed. That decision is on appeal. In the meantime, respondent brought an action in Supreme Court for damages resulting from an unlawful eviction. Petitioner moved to set the first decision aside because of newly discovered evidence, fraud, perjury and misrepresentation. I set aside that decision and ordered a new traverse. This traverse is important to both sides because if the lack of jurisdiction finding on the first traverse is reversed, the finding of jurisdiction would nullify the claim to an illegal eviction.
Two witnesses testified for plaintiff — Frank Kelley, a private investigator, and the process server, Rene Pardo. Two witnesses testified for respondent — Lee Rosenbloom, the sole officer and owner of respondent which was in the business of buying and selling stamps and collectibles, and Louis Hornberger, an independent contractor for Regal Galleries, another unincorporated business name through which Rosenbloom conducted business in the buying and selling of stamps and other collectibles.
In accordance with the testimony of Lee Rosenbloom, respondent Regal Trading Enterprises, Inc., of which he is the owner and sole officer, was formed for the purpose of entering into the lease in the subject premises. It conducted the same business in stamp trading and other collectibles as his alter-ego Regal Galleries of which he is the sole owner. The awning at the subject premises bears the name of Regal Galleries, rather than that of respondent, Regal Trading Enterprises, Inc. All of the receipts are in the name of Regal Galleries as is Lee Rosenbloom’s own business card. On the basis of the foregoing, I find that respondent Regal Enterprises and Regal Galleries are one and the same entity.
*841 In corporate law, when a parent corporation conducts business through a subsidiary whose existence is solely to serve the parent’s needs, the parent will be held liable for the subsidiary’s actions. (Pebble Cove Homeowners’ Assn. v Fidelity N. Y. FSB, 153 AD2d 843 [2d Dept 1989]; see also, Meshel v Resorts Intl., 160 AD2d 211, 213 [1st Dept 1990].) In this case it is clear from Lee Rosenbloom’s testimony that these two sole proprietorships, while not parent and subsidiary per se, were so intertwined that Regal Galleries controlled Regal Trading’s daily operations. Furthermore, Rosenbloom conceded that Regal Trading was formed for the sole purpose of entering the lease. I see no reason why these principles of corporate law should not apply where sole proprietorships are concerned and equity warrants it. Thus, I hold that Regal Trading or Regal Galleries are each liable for acts attributable to the other.
The process server stated that he went to Regal Enterprises on September 20, 1991 and served the process on a man who identified himself as Stan Marges (Marcus) and who said he was the managing agent and authorized to accept service. It is undisputed that Lee Rosenbloom, an observant Jew, left the premises at about 1:30 p.m. to start preparations for the sabbath on this Friday. The process server identified a man in a photograph, which respondent acknowledged to be the photograph of Louis Hornberger, as the man he had served. Hornberger denies being on the premises at that time. However, the investigator hired by petitioner saw Hornberger on the subject premises behind the counter in 1992, talked to him about getting a Regal watch appraised, and identified him as generally fitting the description in the affidavit of service. He received from Hornberger a business card which stated that Hornberger was the executive vice-president of Regal Galleries. Both Hornberger and Rosenbloom deny that Hornberger occupied such a position and state that the card was used upon advice of counsel who told Hornberger that using such a business card was perfectly proper and legal. I find this statement incredible and hold that it fatally taints the testimony of each of them. They also testified that Hornberger did not do business in 1991 behind the counter of the subject premises.
I find from the credible evidence that Louis Hornberger was served personally on September 20, 1991. At the time, he was behind the counter performing activities which the process server reasonably interpreted to substantiate his representa *842 tian that he was the manager of respondent. These activities were performed with the consent and permission of Lee Rosenbloom, the owner of respondent. These activities were calculated, and did misrepresent to the process server that Hornberger was an officer of respondent and authorized to accept service in its behalf and induce the process server to serve the papers on Hornberger in reliance on Hornberger’s representation.
A process server may rely on those employees he or she reasonably believes can identify the proper person to accept service. If the process server serves the wrong person due to the misrepresentation of an employee, then it is the corporation’s fault and not that of the process server. (Fashion Page v Zurich Ins. Co., 50 NY2d 265, 273-274 [1980].) I also find that the activities of Hornberger and Rosenbloom estop respondents from asserting that Hornberger was not authorized to accept service. (Atlantic Mut. Ins. Co. v 34 Laight St. Corp., NYLJ, Apr. 21, 1993, at 21, col 2 [App Term, 2d Dept]; see also, Reed v Trailways Bus Sys., 146 AD2d 763 [2d Dept 1989] [concluding that, as plaintiff did not raise issue in Supreme Court, it could not be raised on appeal].) Therefore, service was proper and jurisdiction was obtained.
This decision supplants my prior decision of January 13, 1992. The traverse is overruled and the judgment of possession for the petitioner is restored.