■ WOLFGANG GOESSEL et al., Appellants, v CLUB MED SALES, INC., et al., Respondents. [618 NYS2d 791] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 1, 1993, granting defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs' contention that there is a question of fact concerning the resort owner's and/or operator's apparent authority to act as defendants' agent is premised upon the mere speculation that "by purchasing the tickets from CLUB MED SALES, INC., and/or CLUB MED, INC., [plaintiffs] were, at the very least, assured of an agency relationship between the named defendants and CLUB MED [VILLAGE] in Cancun". "In the absence of a clear indication of dominion and control, parent [and] subsidiary * * * are treated separately and independently for purposes of assigning legal responsibility." (Meshel v Resorts Intl., 160 AD2d 211, 213.) Moreover, even if one of the defendants had been the owner or operator of the resort, there has been no showing that there was any agency relationship between the resort and the air service. Finally, contrary to plaintiffs' suggestion, the Summer 1988 Club Med vacation brochure clearly states that "in the absence of negligence on their part, neither [Club Med nor Club Med Sales]" shall be liable for injuries resulting from use of "transportation or other services".

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.