■ TAMMARA TAYLOR, Respondent, v QUALITY DENTAL GROUP et al., Appellants. [652 NYS2d 535] —In an action to recover damages based on dental malpractice, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Bernhard, J.), entered October 19, 1995, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability with respect to the second cause of action and directed an inquest as to damages, and (2) an order of the same court, entered November 27, 1995, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered October 19, 1995, is dismissed, as that order was superseded by the order entered November 27, 1995, made upon reargument; and it is further,

Ordered that the order entered November 27, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellant Henry L. Boriskin, D.D.S., treated the plaintiff on February 23, 1994, and admits that he "encountered instrument separation" while cleaning in the area of the "mesial buccal canal" of "tooth number 30". On March 8, 1994, the plaintiff underwent the extraction of this tooth, a procedure which she now claims was necessitated by "the broken instrument combined with the perforation into the furcation [of the tooth]". In their opposition to the plaintiff's original cross motion for partial summary judgment, the defendants failed to address the claim that Dr. Boriskin had negligently perforated the furcation of the tooth in question. Accordingly, in its order dated October 15, 1995, the court granted partial summary judgment to the plaintiff on the issue of liability with respect to the second cause of action.

In their subsequent motion, characterized as one for leave to renew or reargue, the defendants failed to demonstrate that the court had overlooked a controlling rule of law, or misconstrued a matter of fact, and similarly failed to produce any additional evidence which, with the exercise of due diligence, they could not have produced at the time of the earlier motion. We see no error or improvident exercise of discretion in the court's disposition of this subsequent motion (*see generally, Kratter v Weintraub,* 97 AD2d 491). Bracken, J. P., Thompson, Pizzuto and Santucci, JJ., concur.