■ ROBERTA STEIN et al., Appellants, v CLUB MED SALES, INC., Respondent. [658 NYS2d 639] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a judgment of the Supreme Court, Queens County (Lane, J.), entered March 1, 1996, which, upon a decision of the same court dated June 19, 1995, upon the defendant's motion for summary judgment, dismissed the complaint, and (2) as limited by their brief, from so much of an order of the same court, dated October 11, 1996, as, upon reargument, adhered to its decision of June 19, 1995.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order made upon reargument of a decision *(see, Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

As a general rule, a travel booking agent cannot be held liable for the negligence of the resort booked by the agent *(see, Cohen v Heritage Motor Tours,* 205 AD2d 105, 107; *Jacobson v Princess Hotels Intl.,* 101 AD2d 757, 759). Because the plaintiffs failed to submit evidence raising a genuine triable issue of fact as to whether the defendant owned or controlled the resort in question, the Supreme Court properly granted the defendant's motion for summary judgment *(see, Goessel v Club Med Sales,* 209 AD2d 356; *Meshel v Resorts Intl.,* 160 AD2d 211). O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.