■ In the Matter of MARVIN LYERLY et al., Respondents, v VICTORIA FIRE & CASUALTY COMPANY, Appellant. [666 NYS2d 698] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Victoria Fire & Casualty Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated October 31, 1996, as, in effect, upon reargument and renewal, adhered to a prior decision of the same court dated January 8, 1996, which confirmed the award, and (2) from a judgment of the same

court, entered January 31, 1997, which is in favor of the petitioners and against it awarding each petitioner the principal sum of $25,000.

Ordered that the appeal from the order dated October 31, 1996, is dismissed as no appeal lies from an order made upon reargument or renewal of a decision (*see, Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The vehicle owned by the petitioner Marvin Lyerly was insured by the respondent Victoria Fire & Casualty Company (hereinafter Victoria), a company based in Ohio. In April 1994 Lyerly's vehicle was involved in an accident in Brooklyn with a vehicle driven by Desmond Taitt. In December 1994 Lyerly, and his passenger, the petitioner Mark Lynn, demanded arbitration of their claim for uninsured motorist benefits under the Victoria policy. A Victoria representative obtained petitioners' consent to an adjournment of the arbitration originally scheduled for April 25, 1995. Prior to the rescheduled hearing date, Victoria's representative informed the American Arbitration Association that the tortfeasor Taitt was not uninsured and requested that the matter be "removed from arbitration". Victoria also notified the petitioners' counsel that Taitt was not uninsured, there was no basis for a claim under the uninsured motorist provision of the policy and that it would not participate in the arbitration hearing. The hearing was conducted on May 25, 1995, without Victoria's participation, and the arbitrator issued an award of $25,000 for each petitioner on May 30, 1995.

In June 1995 the petitioners commenced this proceeding to confirm the arbitration award. Victoria sought vacatur of the award entered upon its default and, in effect, a stay of arbitration only on the ground that Taitt was not uninsured. Victoria's attorney submitted an affirmation in which she acknowledged that the petitioners demanded arbitration of their uninsured motorist claim and that a notice of the hearing was served on the parties on May 1, 1995.

By decision dated January 8, 1996, the Supreme Court determined that the arbitration award should be confirmed on the ground that Victoria failed to apply for a stay of arbitration within 20 days of service of the demand for arbitration. We conclude that this determination was proper. Victoria failed to assert grounds for vacating the award pursuant to CPLR 7511 (b) (1). Any claim for a permanent stay of arbitration on the ground that Taitt was not uninsured was barred by the 20-day

rule in CPLR 7503 (c) (*see, Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082; *cf., Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264).

Victoria subsequently moved to reargue and/or renew the petitioners' motion to confirm the award. Victoria alleged, for the first time, that there was no agreement between the parties to arbitrate uninsured motorist claims, that no demand for arbitration was ever served, and that the court did not have personal jurisdiction over it. Victoria's attorney contended that these issues were not previously raised because the claim file was closed in July 1994 and placed in storage. The Supreme Court granted reargument and renewal but adhered to its previous decision. We now affirm the judgment which confirmed the arbitration award.

Victoria's motion denominated as one to renew and/or reargue is, in effect, for reargument, as Victoria failed to produce any additional evidence which, with the exercise of due diligence, it could not have produced at the time of the original motion (*see, Taylor v Quality Dental Group,* 234 AD2d 595) and it did not offer a reasonable explanation for its failure to bring these facts to the Supreme Court's attention (*see, Matter of Thein v Mamaroneck Union Free School Dist.,* 231 AD2d 730). Certainly the policy terms were available to Victoria at the time of the original motion as well as the facts necessary to support the claims that it was not subject to personal jurisdiction in New York and did not receive a notice of intention to arbitrate. Upon granting Victoria's motion, in effect, to reargue, the court did not improvidently exercise its discretion in adhering to its prior decision. Victoria failed to show that the court overlooked a controlling rule of law or misconstrued a fact in its determination of the original motion (*see, Taylor v Quality Dental Group, supra,* at 730; *Rodriguez v Khamis,* 201 AD2d 715).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.