■ RONALD PREVOST et al., Respondents, v ONE CITY BLOCK LLC, Appellant, and ISLAND FIRE SPRINKLER, INC., Respondent. (And a Third-Party Action.) [65 NYS3d 172]—

---

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 2, 2016, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff One City Block LLC's (One City) motion for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241 (6) claims and common-law negligence claim as against it, denied One City's motion for summary judgment on its claims against defendant/third-party defendant Island Fire Sprinkler, Inc. (Island Fire) for contractual and common-law indemnification and breach of contract for failure to procure insurance, and granted Island Fire's motion for summary judgment dismissing One City's claims against it for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant One City's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, to grant One City's motion for summary judgment on its claim for contractual indemnification by Island Fire, and to deny Island Fire's motion for summary judgment dismissing One City's claim against it for contractual indemnification and breach of contract for failure to procure insurance, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about May 1, 2017, which, to the extent appealed from as limited by the briefs, denied One City's motion for post-note-of-issue discovery, unanimously affirmed, without costs.

Plaintiff Ronald Prevost (plaintiff), a laborer employed by nonparty general contractor Benchmark Builders, Inc. (Benchmark), was injured while working on property owned by One City. He was working for Benchmark on a construction project for nonparty Google Inc. (Google), One City's parent company and tenant. Plaintiff was responsible for cleaning and maintaining the work site to which he was assigned. Plaintiff alleges that he was injured when he slipped on a loose piece of sprinkler pipe lying on the floor. He fell onto his shoulder, allegedly causing damage to it requiring ongoing treatment and a possible shoulder replacement.

Plaintiff and his wife commenced an action against One City, asserting claims for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). One City then commenced a third-party action against Island Fire, the subcontractor responsible for installing the sprinkler system at the project, asserting claims for contractual and common-law indemnification as well as breach of contract for failure to

procure insurance. Island Fire was subsequently added as a direct defendant.

One City filed a motion for summary judgment dismissing plaintiff's complaint and on its claims against Island Fire for indemnification and breach of contract for failure to procure insurance. Island Fire also moved for summary judgment. The motion court granted partial summary judgment to One City dismissing plaintiff's Labor Law § 240 (1) claim. The motion court also granted summary judgment to Island Fire dismissing One City's claims for contractual indemnification and breach of contract for failure to procure insurance. The court found questions of fact on all other issues. As a separate matter, the motion court also denied One City post-note-of-issue discovery in the form of three additional independent medical examinations (IMEs) of plaintiff. With the exception of plaintiff's Labor Law § 240 (1) claim, all of these issues now come to us on appeal.

On a motion for summary judgment, the movant bears the burden of presenting sufficient evidence to demonstrate the absence of any material issues of fact (*see Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 302 [1st Dept 2001]). Summary judgment should not be granted where there is any doubt as to the existence of a material issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Once the movant establishes a prima facie right to judgment as a matter of law, the burden shifts to the party opposing the motion to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" (*id.*).

The Court first turns to plaintiff's Labor Law § 200 and common-law negligence claims. We modify the order and grant summary judgment to One City on both claims. Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012]). "Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing

work" (*id.* at 144, citing *Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 477 [1st Dept 2011]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca* at 144, citing *Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011]).

Here, the court finds that the appropriate standard to apply in this case is the dangerous condition standard and not the manner and means standard. The cause of the accident, the piece of loose pipe, was not a condition created by the manner in which the work was performed by plaintiff or his employer but was rather a condition that already existed prior to plaintiff's arrival on the fifth floor that day.

In its motion for summary judgment, One City established prima facie that it did not create the condition and that it had no employees who could have had notice of the loose piece of sprinkler pipe. That One City was a subsidiary of Google did not alone put it on notice of anything Google employees knew or should have known (*see Sheridan Broadcasting Corp. v Small*, 19 AD3d 331, 332 [1st Dept 2005]; *Meshel v Resorts Intl. of N.Y.*, 160 AD2d 211, 213 [1st Dept 1990]).

Plaintiff failed to produce any evidentiary proof sufficient to rebut One City's prima facie showing that it did not create the hazardous condition and that it had no actual or constructive notice of it. There is no evidence in the record to suggest that any One City employee was aware or should have been aware of the loose pipe. In fact, there is no evidence that there were any One City employees present at the site on the day of the accident at all.

Even assuming, arguendo, that One City was an "alter ego" of Google, plaintiff's argument that Google had constructive notice of the hazard because its employees might have seen videos recorded by cameras that were alleged to be in the area where plaintiff fell is mere speculation insufficient to raise an issue of fact (*see Acevedo v York Intl. Corp.*, 31 AD3d 255, 256 [1st Dept 2006], *lv denied* 8 NY3d 803 [2007]). There were no Google employees on site on the day of the accident and no evidence to support the allegation that any Google employee viewed any videos on the day of the accident. Plaintiff's Labor Law § 200 and common-law negligence claims are therefore dismissed.

The court now turns to plaintiff's Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7 (e) (1) and 23-2.1 (a) (1). We affirm the motion court's denial

of summary judgment to One City dismissing plaintiff's Labor Law § 241 (6) claim predicated on violations of these Industrial Code provisions. Industrial Code § 23-1.7 (e) (1) provides as follows: "(e) Tripping and other hazards.

"(1) Passageways. All passageways [should] be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered."

Section 23-2.1 (a) (1) similarly concerns the "safe and orderly" storage of materials to ensure that "they do not obstruct any passageway, walkway, stairway or other thoroughfare." While the term "passageway" is not defined in the Industrial Code, "courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (*Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1250 [4th Dept 2013]).

Here, there is a material question of fact as to whether plaintiff fell in a "passageway" or merely in an open area. Plaintiff, his supervisor, and the carpentry foreman all testified that stud walls had been erected at the time of the event. Plaintiff further testified at his deposition that the area in which he fell was an eight-foot-wide "corridor." A superintendent who arrived soon after the fall testified that plaintiff was in "an open space" but also confirmed that plaintiff was in a corridor or area where laborers were supposed to walk. As the Industrial Code does not provide a formal definition of "passageway," the practical function of the area where plaintiff fell is a question to be addressed by the trier of fact.

We reject One City's argument that plaintiff's section 241 (6) claim should be dismissed on summary judgment because he was cleaning the floor at the time of his injury. It is well-settled that "[a]n employee cannot recover for injuries received while doing an act to eliminate the cause of the injury" (*Kowalsky v Conreco Co.*, 264 NY 125, 128 [1934]). However, the record contains conflicting testimony as to whether plaintiff was in the act of cleaning the floor at the time of the accident. On this question of material fact, the credibility and weight to be given to the testimony of each witness is to be determined by the jury (*Shea v United States Trucking Corp.*, 200 App Div 821, 824 [1st Dept 1922], *affd* 235 NY 529 [1923]).

We now turn to the question of contractual and common-law indemnification. We further modify the order to the extent it denied summary judgment to One City and find that One City is entitled to contractual indemnification by Island Fire. As One City is entitled to contractual indemnification, its claim for common-law indemnification has been rendered academic. Island Fire's contract with nonparty Benchmark obligated Island Fire to indemnify all those whom Benchmark was obligated to indemnify, and Benchmark's contract with Google obligated Benchmark to indemnify all subsidiaries of Google. While One City's certificate of incorporation was not issued until 10 days after the Google-Benchmark contract was executed, the contract included as indemnitees entities not yet in existence via the reference to "all such [indemnified] parties' . . . respective heirs, executors, administrators, successors and assigns." The contract thus applied to subsidiaries in existence on the date on which the indemnity provision was triggered, not merely those in existence when the contract was executed.

We now turn to One City's claim against Island Fire alleging breach of contract for failure to procure insurance. We also modify the order to the extent it granted summary judgment to Island Fire dismissing One City's claim for breach of contract and find that Island Fire failed to establish, as a matter of law, that it procured the $5,000,000 in per-occurrence liability insurance it was contractually obligated to purchase. In addition to a $2,000,000 per-occurrence policy, Island Fire provided the motion court with a certificate of insurance referring to a $10,000,000 umbrella policy as evidence that it complied with its insurance procurement obligations. However, we have held that a certificate of insurance is merely evidence of a contract rather than conclusive proof that coverage was procured (*see Horn Maintenance Corp. v Aetna Cas. & Sur. Co.*, 225 AD2d 443, 444 [1st Dept 1996]). Indeed, on summary judgment, a certificate may be sufficient to raise an issue of fact, but it is not sufficient, standing alone, as it does here, to prove coverage as a matter of law (*id.*). Additionally, Island Fire provided the motion court with evidence that it procured $40,000,000 in general aggregate coverage. However, such evidence also fails to demonstrate that Island Fire complied with its insurance procurement obligations, as it fails to establish that Island Fire met the contract's requirement of procuring $5,000,000 in per-occurrence liability coverage. Because Island Fire has not presented sufficient evidence to demonstrate that it procured the required coverage, it cannot be granted summary judgment dismissing One City's claim.

We finally turn to One City's request for post-note-of-issue discovery. We affirm the motion court's decision to deny One City's discovery request. One City seeks three additional IMEs of plaintiff in response to his claim that he will require shoulder replacement surgery. In seeking post-note-of-issue discovery, a defendant must demonstrate "unusual or unanticipated circumstances" as well as "substantial prejudice" (22 NYCRR 202.21 [d]; *see* CPLR 3101 [d] [1] [i]; *Hartnett v City of New York*, 139 AD3d 506 [1st Dept 2016]). Here, the need for future surgery was already pleaded in prior bills of particulars. Moreover, two of plaintiff's experts specifically noted the possibility of a shoulder replacement. One City had ample notice of plaintiff's ongoing shoulder problems far in advance of the note of issue. Therefore, the motion court correctly denied One City's late request for additional examinations. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.