Villanueva v 114 Fifth Ave. Assoc. LLC (2018 NY Slip Op 03928)





Villanueva v 114 Fifth Ave. Assoc. LLC


2018 NY Slip Op 03928


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6634 161658/14

[*1]Omar Villanueva, Plaintiff-Respondent,
v
114 Fifth Avenue Associates LLC, et al., Defendants-Appellants.


Barry, McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellants.
Morgan Levine Dolan, P.C., New York (Glenn P. Dolan of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 3, 2017, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the claims for common-law negligence and violation of Labor Law §§ 200 and 240(1), and granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs.
Plaintiff was injured at a construction site owned by defendant 114 Fifth Avenue Associates LLC (114 Fifth Avenue) and managed by defendant Structure Tone Inc. (Structure Tone), when he and three other workers were attempting to load a 500-pound steel I-beam into an internal freight elevator at a construction site in order to transport it from the 18th floor to the ground floor. The elevator was four feet wide and five feet deep, with an eight foot ceiling, while the beam was 12 feet long. The workers opened a hatch on top of the elevator, and were attempting to stand the beam on its end, with the high end extending through the open hatch, when the beam fell down half a foot onto plaintiff's shoulder.
Plaintiff established his entitlement to judgment as a matter of law on the issue of liability on the § 240(1) claim. Plaintiff submitted evidence showing that he was engaged in an activity covered by the statute, that defendants failed to provide an adequate safety device to protect him, and that such violation was a proximate cause of the accident (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]). The half foot that the steel I-beam dropped onto plaintiff's shoulder is not de minimis, given the I-beam's weight and since the hazard was one directly flowing from the application of the force of gravity to a person (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]).
We modify Supreme Court to the extent that it denied defendants' motion for summary judgment dismissing the claims for common-law negligence and violation of Labor Law § 200. Section 200 of the Labor Law "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Prevost v One City Block LLC, 155 AD3d 531, 533 [1st Dept 2017] citing Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Claims under Labor Law § 200 and under th common law either arise from an alleged defect or dangerous condition existing on the premises or from the manner in which the work was performed (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
There is no evidence that the Labor Law § 200 claim arises from an alleged defect or dangerous condition existing on the premises. Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises (see Cappabianca, [*2]99 AD3d at 144; Dalanna v City of New York, 308 AD2d 400, 400 [1st Dept 2003]). Here, there is nothing in the record that shows there was a defect inherent in the elevator. Plaintiff argues that the interior of the elevator was insufficient to carry the heavy I-beams, which goes to the means and methods in which the work was performed. Accordingly, liability cannot be imposed on defendants based on an alleged defect or dangerous condition existing on the premises.
Plaintiff has also not raised a triable issue of fact as to whether Structure Tone exercised adequate supervision or control over the injury-producing work. The subcontract between Structure Tone and plaintiff's employer, All Safe, LLC, provides that All Safe "will furnish all labor, materials, supervision and items required for the proper and complete performance of the Work." Structure Tone's project superintendent testified that he was responsible for basic job safety, walked the job site daily, conducted weekly safety meetings with the subcontractors, and had the ability to stop work if he observed an unsafe condition. "Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury producing work" (Cappabianca, 99 AD3d at 144).
Although Structure Tone had the authority to stop work at the construction site for safety reasons, this is "insufficient to raise a triable issue of fact with respect to whether [Structure Tone] exercised the requisite degree of supervision and control over the work being performed to sustain a claim under Labor Law § 200 or for common-law negligence" (Hughes v Tishman Constr. Corp., 40 AD3d 305, 309 [1st Dept 2007]). Accordingly, there is no evidence that Structure Tone exercised any control over the manner and means of plaintiff's work.
114 Fifth Avenue established its entitlement to judgment as a matter of law on the Labor Law § 200 and common-law negligence claims as against it. 114 Fifth Avenue submitted evidence showing that there was no indication that it controlled the manner and means of plaintiff's and All Safe's work, and plaintiff failed to raise an issue of fact in this regard.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK