DeMercurio v 605 W. 42nd Owner LLC (2019 NY Slip Op 03550)





DeMercurio v 605 W. 42nd Owner LLC


2019 NY Slip Op 03550


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9238 150167/16

[*1]Paul DeMercurio, Plaintiff-Appellant,
v
605 West 42nd Owner LLC, et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for appellant.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered August 13, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 241(6), 200 and common-law negligence claims, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff allegedly slipped and fell on protective brown paper that had been installed on the floor of an apartment unit under construction. Plaintiff testified that the paper in the area where he fell was torn, dirty, and not properly taped to the walls. He further testified that the paper was slippery because it was on top of a cleaning agent called "green dust," which was used to prevent dust from rising into the air while that company was sweeping.
The motion court improperly dismissed plaintiff's Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(d). The alleged presence of green dust on the floor created a triable issue as to whether a "foreign substance" created a slippery condition on the floor, in violation of this Code section, and whether such condition caused plaintiff's accident (see Velasquez v 795 Columbus LLC, 103 AD3d 541 [1st Dept 2013]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 146-47 [1st Dept 2012]).
Plaintiff's Labor Law § 200 and common-law negligence claims should similarly be reinstated as the court should not have analyzed plaintiff's accident under the manner and means standard, but should instead have applied the dangerous condition standard (Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]). The green dust was a dangerous condition that existed prior to plaintiff's arrival at the job site it was not part of the work plaintiff was performing (id.). As such, there are triable issues of fact as to whether the general contractor, defendant Tishman Construction Corporation had notice of the hazardous condition of the floor, given the testimony that the company employed at least five superintendents on the project who broadly supervised and controlled the work site, and conducted multiple daily walk-throughs (Rainer v Gray-Line Dev. Co., LLC, 117 AD3d 634, 635 [1st Dept 2014]). In addition, the owner, defendant 605 West 42nd Owner LLC failed to demonstrate the absence of actual or [*2]constructive notice of the hazardous condition on its part, since it failed to point to any probative evidence on this issue (see e.g. DePaul v NY Brush LLC, 120 AD3d 1046, 1047 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK