Pawlicki v 200 Park, L.P. (2021 NY Slip Op 06551)





Pawlicki v 200 Park, L.P.


2021 NY Slip Op 06551


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 155864/16, 595266/17 Appeal No. 14671 Case No. 2020-03400 

[*1]Jaroslaw Pawlicki et al., Plaintiffs-Respondents,
v
200 Park, L.P., et al, Defendants-Appellants, Four Daughters LLC, et al., Defendants-Respondents.
200 Park, L.P., et al, Third-Party Plaintiffs-Appellants,
v
Humboldt Woodworking Installations, Inc., Third-Party Defendant.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellants.
Pollack, Pollack, Isaac & DiCicco, LLP, New York (Brian J. Isaac of counsel), for Jaroslaw Pawlicki and EDYT Pawlicki, respondents.
Law Office of Eric D. Feldman, Melville (Dominic P. Zafonte of counsel), for Four Daughters LLC and Four Daughters NY, LLC, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about July 27, 2020, which, to the extent appealed from as limited by the briefs, denied defendants 200 Park, L.P. and Structure Tone, LLC's (together, the Structure Tone defendants) motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and the Labor Law § 241 (6) claim based on a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1) as against them and on their cross claims and third-party claims for contractual indemnification and breach of contract for failure to procure insurance, granted defendant Four Daughters LLC and Four Daughters NY, LLC's (together, Four Daughters) motion for summary judgment dismissing the cross claim for breach of contract for failure to procure insurance, and granted third-party defendant Humboldt Woodworking Installations, Inc.'s motion for summary judgment dismissing the third-party claim for contractual indemnification, unanimously modified, on the law, to deny Four Daughters' motion, and otherwise affirmed, without costs.
Plaintiff Jaroslaw Pawlicki, a carpenter employed by third-party defendant Humboldt, was injured on a job when he stepped on a grille covering an opening in the floor. The grille was unsecured by screws, despite the presence of preexisting screw holes, and was covered by construction paper, believed to have been placed for dust protection. Plaintiff's foot slipped down into the exposed opening when the grille caved in.
The differing descriptions of the area where plaintiff fell raise an issue of fact as to whether his accident occurred in a "passageway" within the meaning of Industrial Code (12 NYCRR) § 23-1.7(e)(1), precluding summary judgment in the Structure Tone defendants' favor on the Labor Law § 241(6) claim (see Gallina v MTA Capital Constr. Co., 193 AD3d 414, 414 [1st Dept 2021]; Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]).
The Structure Tone defendants failed to establish prima facie that they neither created the dangerous premises condition by covering the unsecured grille with paper nor had notice of the grille's unsecured condition. Therefore the common-law negligence and Labor Law § 200 claims should not be dismissed as against them (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 68 [1st Dept 2018]; Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 490 [1st Dept 2018]).
Because issues of fact exist as to whether negligence on the part of the Structure Tone defendants was the sole proximate cause of plaintiff's accident, summary judgment on their contractual indemnification claim against Four Defendants and Humboldt would be premature (see Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]). For the same reason, it would be inappropriate to grant the Structure Tone defendants conditional summary judgment on that claim (Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]). There is evidence that defendant Structure Tone may [*2]have covered the grille with paper, concealing a dangerous condition from plaintiff; therefore, it could be found the sole proximate cause of the accident. There is also evidence that the grille was not part of the construction, but rather pre-existing; therefore, defendant 200 Park, the owner of the building, could be found the sole proximate cause of the accident.
Four Daughters failed to establish its entitlement to summary judgment dismissing the cross claim for breach of contract for failure to procure insurance, since a certificate of insurance is merely evidence of a contract, rather than conclusive proof that coverage was procured (see Prevost, 155 AD3d at 536; Rudnitsky v Macy's Real Estate, LLC, 189 AD3d 490, 492 [1st Dept 2020]).
The Structure Tone defendants failed to establish that the subcontract between their subcontractor, Four Daughters, and Humboldt, plaintiff's employer, was intended
for their benefit and that therefore they are entitled to indemnification from Humboldt (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021