Union Mut. Fire Ins. Co. v Trupia (2025 NY Slip Op 00474)

Union Mut. Fire Ins. Co. v Trupia

2025 NY Slip Op 00474

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-05045
 (Index No. 715497/16)

[*1]Union Mutual Fire Insurance Company, appellant,
v
Anthony Trupia, et al., respondents, et al., defendant.

Hurwitz & Fine, P.C., Buffalo, NY (Eric T. Boron, Mirna M. Santiago, and Agnieszka A. Wilewicz of counsel), for appellant.
Shayne, Dachs, New York, NY (Jonathan A. Dachs of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to provide coverage under a policy of insurance issued to the defendants Anthony Trupia and 57-51 57th Road, LLC, in an underlying personal injury action entitled Cano v 57-51 57th Road, LLC, commenced in the Supreme Court, Kings County, under Index No. 515307/16, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated April 27, 2020. The order (1) granted the motion of the defendants Anthony Trupia and 57-51 57th Road, LLC, for leave to reargue so much of a decision of the same court dated December 2, 2019, as concluded that those defendants were not entitled to an award of attorneys' fees and costs, and, upon reargument, inter alia, vacated that portion of the decision, and (2) denied the plaintiff's cross-motion for leave to reargue so much of the decision dated December 2, 2019, as concluded that the plaintiff was not entitled to summary judgment on the complaint and for a declaration in its favor, and that the defendants Anthony Trupia and 57-51 57th Road, LLC, were entitled to summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal from so much of the order dated April 27, 2020, as granted the motion of the defendants Anthony Trupia and 57-51 57th Road, LLC (hereinafter together the defendants), for leave to reargue so much of a decision dated December 2, 2019, as concluded that the defendants were not entitled to an award of attorneys' fees and costs, and, upon reargument, inter alia, vacated that portion of the decision, must be dismissed, as no appeal lies from an order made upon reargument of a decision (see Lieberman-Massoni v Massoni, 215 AD3d 663, 663; Stein v Club Med Sales, 239 AD2d 402, 402; Stockfield v Stockfield, 131 AD2d 834).
The appeal from so much of the order dated April 27, 2020, as denied the plaintiff's cross-motion for leave to reargue so much of the decision dated December 2, 2019, as concluded that the plaintiff was not entitled to summary judgment on the complaint and for a declaration in its favor, and that the defendants were entitled to summary judgment dismissing the complaint insofar as asserted against them, must be dismissed, as no appeal lies from an order denying reargument (see [*2]Christiana Trust v Victor, 224 AD3d 869, 872; Bank of Am., N.A. v Davis, 210 AD3d 737).
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court