Berardi v 900 Third Ave., L.P.

2026 NY Slip Op 03359

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Christopher Berardi, Plaintiff-Respondent,

v

900 Third Avenue, L.P., et al., Defendants-Respondents, John Gallin & Son, Inc., Defendant.

Gannon Contracting, LLC, Third-Party Plaintiff-Respondent,

Empire Office, Inc., Third-Party Defendant-Appellant.

Decided and Entered: May 28, 2026

Index No. 156323/21, 595059/22|Appeal No. 6747|Case No. 2025-04727|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Kristen A. Carroll of counsel), for appellant.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for 900 Third Avenue, L.P., Paramount Group, Inc. and Gannon Contracting LLC, respondents.

Jason Levine, New York, for Christopher Berardi, respondent.

[*1]

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered June 13, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion, denominated a cross-motion, to the extent it sought summary judgment on liability on his Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1), unanimously affirmed, without costs.

Plaintiff, a carpenter, alleges that he was injured when he tripped on a torn and crumpled portion of tarp that covered a corridor as he was pushing an A-frame cart to deliver glass windows to newly constructed offices in an office renovation project. Defendant 900 Third Avenue, L.P., a subsidiary of defendant Paramount Group, Inc., owned the building, and defendant/third-party plaintiff Gannon Contracting, LLC (together with 900 Third Avenue and Paramount, the owner defendants) served as the general contractor on the renovation project. Third-party defendant Empire Office, Inc., plaintiff's employer, was the subcontractor performing office-framing and glass work on the project.

Although plaintiff's motion for summary judgment on liability on his Labor Law § 241(6) claim was untimely, this Court may consider it because it is nearly identical to Empire Office's motion for summary judgment dismissing that very claim (see Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 691-692 [1st Dept 2018]). In addition, CPLR 3212(b) authorizes a court, in its discretion, to search the record and grant summary judgment to any party without the necessity of a cross-motion (see Canning v Barneys N.Y., 289 AD2d 32, 35 [1st Dept 2001]).

The evidence shows that plaintiff fell on a tripping hazard in a passageway and therefore establishes as a matter of law plaintiff's entitlement to summary judgment on his Labor Law § 241(6) claim insofar as the claim is predicated on 12 NYCRR 23-1.7(e)(1). Deposition testimony of witnesses at the accident scene, as well as photographs of the accident location taken minutes after plaintiff tripped, establish that plaintiff's injuries were proximately caused by a hazardous condition in the corridor, which was the torn and wrinkled tarp (see e.g. Bowden v Summit Glory Prop. LLC, 238 AD3d 629, 630 [1st Dept 2025]). Gannon's foreman conceded at his deposition that the photographs accurately depicted the tarp at the time of the accident and that the condition of the tarp shown in the photographs constituted a tripping hazard. In addition, Gannon's foreman also conceded that Gannon was the entity that placed the tarp in the corridor to protect the new carpet during the ongoing work.

[*2]

Contrary to the assertions by Empire Office and the owner defendants, deposition testimony and photographic evidence make clear that the location was a passageway, not open floor space, and therefore is governed by 12 NYCRR 23-1.7(e)(1). The internal corridor ran between new framed-out offices and adjacent sheetrock walls, and was used as a walkway to cross between discrete areas — namely, the new offices under construction and the freight elevator that plaintiff used to transport glass panels (see Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]).

Furthermore, Empire Office and the owner defendants are not shielded from liability on the ground that the tarp was integral to plaintiff's work. The integral-to-the- work defense is not available because defendants could have used other appropriate and safe measures that would have protected the carpet and would not have obstructed plaintiff from doing his work (see Zykowski v Chelsea-Warren Corp., 238 AD3d 498, 501 [1st Dept 2025]). Empire Office and the owner defendants have also not shown that the dangerous condition created by the tarp was inherent to the task at hand (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]; Bowden, 238 AD3d at 630).

Empire Office and the owner defendants argue that there are factual issues as to whether they had actual or constructive notice of the alleged hazardous condition of the tarp, especially in light of plaintiff's testimony that he did not see the raised portion of the tarp before he tripped on it. We reject this argument. Under Labor Law § 241(6), a general contractor or owner is not absolved of liability for lack of notice of a dangerous condition or for lack of an opportunity to cure a dangerous condition (Ward v Times Sq. Hotel Owner LLC, 243 AD3d 514, 516 [1st Dept 2025]). In any event, the owner defendants offered no evidence of an inspection routine, nor did they offer evidence establishing when the tarp was last inspected.

We further reject the owner defendants' argument that plaintiff was the sole proximate cause of his accident because he pushed the A-frame cart over the tarped-carpet route to reach the freight elevator rather than taking a different route over a Masonite floor covering. No evidence was offered to show that plaintiff expressly disregarded a specific instruction to not transport the glass on the A-frame cart over the tarped, carpeted route he took (see Loaiza v Museum of Arts & Design, 228 AD3d 511, 512 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026