■ JOSEPH K. ROWE, Respondent, v GELSON DE JESUS et al., Appellants. — Order of the Supreme Court, New York County (Orest A. Maresca, J.), entered on May 14, 1984, which granted in part plaintiff's motion to disqualify the same law firm or individuals from representing all nine defendants and denied defendants' cross motion to disqualify plaintiff's counsel, is unanimously modified, on the law, to the extent of denying plaintiff's motion, and otherwise affirmed, with costs and disbursements.

The record of this case fails to reveal, nor has plaintiff demonstrated, any substantial public interest which would preclude defendants from exercising their right to representation by an attorney of their choice. As the Court of Appeals has recently explained, although a party does not possess an absolute right to the selection of legal counsel, "any restriction imposed on that right will be carefully scrutinized * * * and will not yield unless confronted with some overriding competing public interest" (*Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196). In that regard, defendants may not be deprived of the choice of counsel merely on the basis of their adversary's allegation that there exists the possibility of a conflict of interest among the various defendants. This is particularly the situation where, as here, the multiple clients have clearly elected to retain the same lawyer. It is certainly inappropriate for plaintiff to impose, over defendants' objections and in the absence of any overriding public interest, a substitution of defense counsel simply because there are certain potential hazards involved in joint representation. Concur — Sandler, J. P., Asch, Fein, Lynch and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LOPEZ, Appellant. — Judgment, Supreme Court, Bronx County (Jerome Reinstein, J.), rendered on June 2, 1983, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sullivan, J. P., Fein, Milonas and Kassal, JJ.