■ HOTEL PRINCE GEORGE AFFILIATES, Appellant, v NORAH MAROULIS, as Executrix, et al., Respondents. (Action No. 1.) NORAH MAROULIS et al., Respondents, v HOTEL PRINCE GEORGE AFFILIATES et al., Defendants, and DAVID BERG et al., Appellants. (Action No. 2.) [599 NYS2d 27] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 20, 1992, which, *inter alia,* denied defendant Berg's motion for summary judgment in both actions, and which denied renewal of his motion to represent certain individual defendant partners, unanimously modified on the law, the facts and the exercise of discretion to the extent of granting Berg's application to represent all those defendants who have filed a consent to his representation and to grant his application to have plaintiff in Action No. 2 strike from the complaint the allegations of personal wrongdoing against Berg, and otherwise affirmed, without costs.

On this record, we cannot determine whether summary judgment would be appropriate in these accounting proceedings, and, accordingly, affirm the denial of the motion. Additionally, the request for a protective order with respect to further disclosure is now academic and, in any event, no abuse of discretion by the IAS Court can be discerned.

However, in view of the fact that plaintiff in Action No. 2 has agreed to drop allegations of personal wrongdoing against Berg which created the potential conflict of interest preventing Berg from representing other partners in these lawsuits, there no longer exists a sufficient reason to deny these parties their choice of counsel, especially where they have submitted consents to having Berg represent them, and have been made aware of any potential conflict *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Rowe v De Jesus,* 106 AD2d 284). The motion to strike said allegations in Action No. 2 should also be granted. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.