■ ROBERT GONZALEZ et al., Appellants, v RODLESS PROPERTIES, L.P., et al., Respondents. [829 NYS2d 77]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about April 26, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment under Labor Law § 240, unanimously affirmed, without costs.

"Labor Law § 240 (1) requires that safety devices such as ladders be so 'constructed, placed and operated as to give proper protection' to a worker" (*Klein v City of New York*, 89 NY2d 833, 834-835 [1996]). For liability to attach, the absence of a safety device must be a proximate cause of a worker's injury (*see Felker v Corning Inc.*, 90 NY2d 219, 225 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 519 [1985]).

It is undisputed that the injured plaintiff was provided with several safety devices enumerated in Labor Law § 240 (1)—two scaffolds, a ladder, ropes and a safety harness. Depending on the factfinder's determination, plaintiff may ultimately be able to establish a section 240 (1) violation for failure to provide a safety device that was appropriate for this particular job. Militating against such a finding is the worker's testimony that he utilized the subject ladder without opening it, and that he failed to tie his safety line. Nevertheless, defendants have made a showing, sufficient to defeat summary judgment, that proper safety devices were provided and the worker's own recalcitrant conduct may have been the sole proximate cause of his injury.

We find that the issue of the injured plaintiff's employment status has not been properly raised on appeal, and in any event, issues of fact remain as to whether he was a "special employee" of defendant American for purposes of recovery under the Labor Law (cf. *Gherghinoiu v ATCO Props. & Mgt., Inc.*, 32 AD3d 314 [2006], *lv denied* 7 NY3d 716 [2006]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.