■ CARMINE CHRISTIANO et al., Appellants-Respondents, v RANDOM HOUSE, INC., et al., Respondents. RANDOM HOUSE, INC., et

al., Third-Party Plaintiffs-Respondents, v Total Safety, Third-Party Defendant, and Plaza Construction Corp., Third-Party Defendant-Respondent-Appellant. [858 NYS2d 168]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered August 1, 2007, which denied plaintiffs' motion for partial summary judgment and third-party defendant Plaza Construction's cross motion for summary judgment, unanimously affirmed, without costs.

The evidence, as exemplified by the plaintiff worker's own deposition testimony, does not establish that the accident occurred when he was standing on the floor of a soffit interior that collapsed beneath him. To the contrary, it appears that he was standing on the steel beam within the soffit's interior, which did not shift, break or collapse when he fell (compare Gomez v 2355 Eighth Ave., LLC, 45 AD3d 493 [2007]; Becerra v City of New York, 261 AD2d 188 [1999]). Issues of material fact exist as to whether this plaintiff was a recalcitrant worker or the sole proximate cause of the accident, including whether immediately prior to the accident he had on his person adequate safety devices provided by defendants that he unilaterally decided to discard in the interest of completing his assigned tasks more quickly (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35 [2004]; Gonzalez v Rodless Props., L.P., 37 AD3d 180 [2007]). Accordingly, summary resolution of the Labor Law § 240 (1) claim is unwarranted. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ.