■ Philip C. Masiello, Respondent, v 21 East 79th Street Corporation et al., Respondents, et al., Defendant. 23 East 79th Street Corp., Third-Party Plaintiff-Respondent, v Fine-Line Restoration, Inc., Third-Party Defendant-Appellant. [7 NYS3d 35]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 17, 2013, which, insofar as appealed from as limited by the briefs, upon reargument, denied third-party defendant's (Fine-Line Restoration, Inc.) motion for summary judgment dismissing the third-party complaint and the complaint, unanimously modified, on the law, to grant the motion as to the Labor Law § 241 (6) claim except to the extent it is predicated upon alleged violations of Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (ii) and (e) (3) and as to the cause of action for common-law indemnification and contribution to the extent that cause of action is asserted in the third-party complaint, and otherwise affirmed, without costs.

The third-party complaint, while vague, plainly alleges a cause of action for contractual indemnification. To the extent it asserts a claim for common-law indemnification and contribution, that claim must be dismissed because third-party plaintiff (23 East 79th) admits that plaintiff has not sustained a grave injury (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363 [2005]).

Contrary to Fine-Line's contention that there exists no contract containing an indemnification clause, 23 East 79th produced during discovery, and submitted with its opposition to Fine-Line's motion, a copy of a contract containing an indemnification provision, signed by Fine-Line's president before plaintiff's accident. That no indemnification provision was included among portions of a contract that 23 East 79th subsequently disclosed, at most, raises an issue of fact whether Fine-Line agreed in writing to indemnify 23 East 79th.

The motion court correctly declined to dismiss the Labor Law § 240 (1) claim, since the ladder was not secured properly to insure that it would remain steady (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [1st Dept 2004]). The court correctly declined to dismiss the Labor Law § 241 (6) claim insofar as it is predicated on alleged violations of Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (ii) and (e) (3) (*see Hart v Turner Constr. Co.*, 30 AD3d 213 [1st Dept 2006]). However, plaintiff has abandoned the section 241 (6) claim insofar as it was predicated on alleged violations of other Industrial Code provisions.

The court correctly declined to dismiss the Labor Law § 200 and common-law negligence claims. The deposition testimony relied on by Fine-Line constitutes prima facie evidence that 23 East 79th did not exercise supervisory control over plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). In opposition, plaintiff failed to raise a triable issue of fact as to 23 East 79th's supervisory control. However, issues of fact remain whether 23 East 79th or its agent created or had actual or constructive notice of the alleged dip in the floor on which the ladder was placed, particularly since the floor and plywood underneath had just been replaced as part of the renovation (*see Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011]).

23 East 79th's contention that Fine-Line's counsel must be disqualified because of a conflict of interest that does not involve 23 East 79th is without merit (*see Rowe v De Jesus*, 106 AD2d 284 [1st Dept 1984]). Concur—Mazzarelli, J.P., Friedman, Sweeny, Gische and Kapnick, JJ.