■ FRANCISCO ALBINO, Appellant, v 221-223 WEST 82 OWNERS CORP. et al., Respondents. (And a Third-Party Action.) [37 NYS3d 113]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered October 3, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), affirmed, without costs.

Plaintiff's employer, third-party defendant JRP Contracting Inc., was hired by defendant 221-223 West 82 Owners Corp. (Owners) to make repairs to the roof of Owners' building. Plaintiff was injured when he fell to the ground while attempting to descend from the roof of the building by means of a scaffold attached to the side of the building. In this action, plaintiff seeks to recover for his injuries under Labor Law §§ 240 (1) and 241 (6).

After discovery had been conducted, plaintiff moved for, inter alia, summary judgment as to liability on his cause of action under Labor Law § 240 (1). The motion court denied this relief. Upon plaintiff's appeal, we affirm on the ground that triable issues exist as to both (1) whether plaintiff had available to him a harness and safety line but disobeyed instructions to use this equipment and (2) whether plaintiff's fall was caused by a violation of the statute.

We turn first to the issue relating to plaintiff's omission to use a harness and safety line while working on the roof. Plaintiff testified that, although he had his own harness, there were no safety ropes available at the site to attach the harness to the scaffold. Plaintiff further testified that he believed that he would have been fired if he had delayed the job until safety ropes had been obtained. Plaintiff's foreman, on the other hand, testified at his deposition, and averred in his affidavit, that he had instructed all employees, including plaintiff, to wear safety equipment, and that he and plaintiff had worn attached harnesses while working together earlier in the day. Plaintiff's foreman further stated that, while he had left plaintiff in charge of the work site when he left for the day and asked him to finish the job, the foreman had never indicated to plaintiff that he was expected to work on the roof without using a properly attached harness. This conflicting testimony creates a triable issue as to whether plaintiff, in working on the roof without wearing an attached safety harness, recalcitrantly failed to use available equipment that he had been directed to use and that, if used, would have averted his injuries (*see Gonzalez v Rodless Props., L.P.*, 37 AD3d 180, 181 [1st Dept 2007]).

A triable issue of fact also exists as to whether plaintiff's fall was caused by the movement of the scaffold he was attempting to use or, alternatively, by plaintiff's losing his footing unaccompanied by any failure of the scaffold. Plaintiff testified at deposition that, after he had completed the required repairs on the roof, he attempted to descend from the roof by means of the scaffold that was tied to the side of the building. According to plaintiff, as he attempted to swing down from the roof to the scaffold, a wire attaching the scaffold to the building snapped, causing the scaffold to swing away from the wall and resulting in plaintiff's fall to the ground below. The foreman, however, testified that, in conversation after the accident, plaintiff had admitted to him that he fell because his foot had slipped as he stepped onto the scaffold from the roof, without mentioning any movement of the scaffold. These two versions of how the

accident happened, each given by plaintiff, the sole witness to the incident, are inconsistent with each other and give rise to an issue of fact as to whether plaintiff's fall was caused by a failure of a safety device within the purview of section 240 (1). As this Court recently noted, "[W]here a plaintiff is the sole witness to an accident, an issue of fact may exist where he or she provides inconsistent accounts of the accident" (*Smigielski v Teachers Ins. & Annuity Assn. of Am.*, 137 AD3d 676, 676 [1st Dept 2016], citing *Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465, 466 [1st Dept 2013]; *see also Jones v West 56th St. Assoc.*, 33 AD3d 551, 552 [1st Dept 2006] [the plaintiff was not entitled to summary judgment as to liability where inconsistencies in his accounts of how he came to be injured raised "a factual issue . . . as to whether a violation of Labor Law § 240 (1) was a proximate cause of plaintiff's injury"]).

Contrary to the concurrence's view, in the event that a factfinder determines that the accident occurred as plaintiff allegedly described it to his foreman, there would be no basis for imposing liability under Labor Law § 240 (1), even if plaintiff is found not to have been recalcitrant in failing to use a harness. "[A] fall from a scaffold or ladder, in and of itself, [does not] result[ ] in an award of damages to the injured party" under section 240 (1) (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288 [2003]). Rather, liability under section 240 (1) depends upon the injury having resulted from "the failure to use, or the inadequacy of . . . a device" within the purview of the statute (*Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340 [2011] [internal quotation marks omitted]). Stated otherwise, "there can be no liability under section 240 (1) when there is no violation and the worker's actions . . . are the sole proximate cause of the accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004] [internal quotation marks omitted]). Here, a factfinder could rationally determine, based on the foreman's testimony concerning plaintiff's original account of the accident, that plaintiff fell simply because he misplaced his foot when stepping onto the scaffold, without the scaffold moving or otherwise malfunctioning or failing. It would follow from such a finding—even assuming that the harness issue is determined in plaintiff's favor—that his injuries were not proximately caused by any violation of section 240 (1).

Accordingly, on this record, the causation of the accident presents an issue of fact that must be determined at trial. Concur—Friedman, J.P., Sweeny and Webber, JJ.

Saxe and Moskowitz, JJ., concur in a separate memorandum by Moskowitz, J., as follows: I agree with the majority that the

IAS court's decision properly denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) on the ground that the record presents an issue of fact regarding the use and availability of safety equipment, and thus, as to whether plaintiff was the sole proximate cause of his injuries. However, I disagree that the record presents an issue of fact as to whether plaintiff fell because he slipped or, rather, because the scaffold moved away from the building. Accordingly, I concur in the majority's result only.

Plaintiff was injured when he was working as a bricklayer for third-party defendant JRP Contracting Inc., a subcontractor on the work site. According to his deposition testimony, plaintiff was building a brick parapet on a second-floor roof; after he completed his work, he tried to descend from the roof by stepping on the pipe scaffold that he had previously used to access the roof. Plaintiff testified that when he tried to descend, he grabbed a conduit pipe on an adjoining wall and, with his right foot, stepped over the parapet onto the top rung of the scaffold. However, he testified, the scaffold had been attached to the wall by a single metal wire lashed around a rail covering the front of a window. Plaintiff testified that as he put his foot on the scaffold, he "pulsed" his other leg over the parapet, and as he did so, the wire tying the scaffold to the building broke. According to plaintiff's testimony, he fell to the ground when the scaffold moved away.

Plaintiff testified that although he had his own safety harness at the work site, there were no safety ropes on which to connect his harness. Moreover, he testified, someone would have had to go off site to retrieve a safety line and plaintiff could not say with certainty whether that person would have been able to return with the line that day. Plaintiff further stated that he would have been fired if he had secured himself because taking the time to attach the safety equipment would have slowed his work and the job would not have been completed that day, as his supervisor wanted.

Plaintiff's supervisor testified at his deposition that on the day of the accident, he and plaintiff had built the parapet wall while standing on the boards of the scaffold. The supervisor further noted that when he was not at the site, plaintiff himself was in charge of the work site. Plaintiff's supervisor testified that in a conversation after the accident, plaintiff stated that his foot slipped as he stepped from the roof onto the scaffold.

Plaintiff moved for summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims. Defendants 221-223 West 82 Owners Corp. and APA Restoration Corp., along with JRP, op-

posed the motion, and JRP submitted an affidavit from plaintiff's supervisor. In his affidavit, the supervisor stated that he and plaintiff had worked on a pipe scaffold in the days before the accident, and, at those times, both men wore harnesses and tied them off to safety lines. The supervisor further stated that he instructed all employees, including plaintiff, to wear a harness while working on the scaffold and to secure the harness to safety lines. According to the supervisor, on the day of the accident, when he and plaintiff stood on the pipe scaffold as they worked, they wore properly secured harnesses.

As the majority notes, plaintiff and his supervisor gave sharply different testimony regarding whether plaintiff was required to use a harness and whether safety ropes were available. As noted above, the supervisor stated in his affidavit, in contradiction to plaintiff's testimony, that he had instructed all employees to wear harnesses and safety lines when they were working on the scaffold, and that he and plaintiff had done so on the day of the accident. This averment, if true, contradicts plaintiff's testimony that he would have been fired had he secured a safety harness for his descent. Additionally, safety ropes were, in fact, shown in a photograph of the scaffold taken soon after the accident. Thus, I agree that the conflicting testimony regarding the availability of safety devices makes this matter inappropriate for summary judgment, as the testimony raises the possibility that plaintiff was the sole proximate cause of his accident (*see Gonzalez v Rodless Props., L.P.*, 37 AD3d 180, 181 [1st Dept 2007]; *Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426 [2d Dept 2007]).

However, I disagree with the majority that the record presents any triable issue of fact as to the cause of the accident itself. Even assuming that plaintiff told his supervisor that his foot slipped when he stepped onto the scaffold, that statement would not make any difference to the outcome of the case; the fact remains that plaintiff fell because the scaffold moved away from the building (*Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 253 [1st Dept 2008]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [1st Dept 2004]). Indeed, plaintiff submitted an uncontradicted affidavit from a certified site safety manager, who opined that the scaffold from which plaintiff fell was "jerry-rigged and incomplete" and that the wire holding the scaffold to the building was inadequate.