Radeljic v Certified of N.Y., Inc. (2018 NY Slip Op 03645)





Radeljic v Certified of N.Y., Inc.


2018 NY Slip Op 03645


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6628 158995/12

[*1]Adolf Radeljic, et al., Plaintiffs-Appellants-Respondents,
v
Certified of N.Y., Inc., etc., Defendant-Respondent-Appellant, 326 West 80th Associates, LLC, Defendant.
Certified of N.Y., Inc., Third-Party Plaintiff-Appellant-Respondent,
v
Prokraft C.S., Inc., Third-Party Defendant-Respondent-Appellant.
326 West 80th Associates LLC, Second Third-Party Plaintiff,
v
Prokraft C.S., Inc., Second Third-Party Defendant-Appellant.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Howard S. Hershenhorn of counsel), for Adolf Radeljic and Donna Ann Spadafino-Radeljic, appellants-respondents.
Carol R. Finocchio, New York (Marie R. Hodukavich of counsel), for Certified of N.Y., Inc, respondent-appellant/appellant-respondent.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for Prokraft C.S., Inc., respondent-appellant/appellant.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 21, 2017, which, insofar as appealed from, denied defendant Certified of N.Y., Inc.'s motion for summary judgment dismissing the complaint as against it and on its contractual indemnification claim against third-party defendant (Prokraft), denied plaintiffs' cross motion for partial summary judgment on the Labor Law § 240(1) claim and on the Labor Law § 241(6) claim to the extent it is based on violations of Industrial Code (12 NYCRR) § 23-1.7(b) and (e), and denied Prokraft's motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims and the third-party contractual indemnification claim, unanimously affirmed, without costs.
Issues of fact as to whether the injured plaintiff's own conduct was the sole proximate cause of his accident preclude summary judgment on the Labor Law § 240(1) claim. While it is undisputed that a safety harness with permanently attached lanyards was available on the first floor of the building near the elevator shaft into which plaintiff fell, there is conflicting evidence is conflicting as whether the harness would have allowed plaintiff to reach and perform his work [*2](see e.g. Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904 [1st Dept 2011]; Gonzalez v Rodless Props., L.P., 37 AD3d 180 [1st Dept 2007]). The witnesses' conflicting statements about who was responsible for removing a plywood barricade positioned in front of the elevator shaft opening also present issues of fact as to whether plaintiff, a foreman who had the authority to order his subordinate who was present at the time of the accident to replace the barricade, was the sole proximate cause of his accident. To establish the defense of sole proximate cause, defendant was not required to show that plaintiff received an instruction about using the harness immediately before commencing the work in question or on the same day as the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004] [recalcitrant injured worker "was not the less recalcitrant because there was a lapse of weeks between the instructions and his disobedience of them"]).
All of these issues of fact as to the safety harness and the barricade preclude summary judgment as to the Labor Law § 241(6) claim to the extent it is based on violations of 12 NYCRR 23-1.7(b)(1). The conflicting evidence as to whether plaintiff tripped and fell on rope on the floor presents issues of fact as to the section 241(6) claim to the extent it is based on violations of 12 NYCRR 23-1.7(e).
With respect to the Labor Law § 200 and common-law negligence claims, there is conflicting testimony as to who was responsible for removing the barrier from the elevator shaft opening and whether plaintiff tripped on rope that defendant's employees allowed to accumulate on the floor. Thus, issues of fact exist as to whether plaintiff's accident was caused by a dangerous condition created by defendant or by the means or methods of plaintiff's or his employer's work (see Prevost v One City Block LLC, 155 AD3d 531, 533-534 [1st Dept 2017]; Masiello v 21 E. 79th St. Corp., 126 AD3d 596 [1st Dept 2015]).
Contrary to Prokraft's argument, the accident is covered by the Labor Law notwithstanding plaintiff's position as a foreman (see e.g. Pipia v Turner Constr. Co., 114 AD3d 424, 427 [1st Dept 2014], lv dismissed 24 NY3d 1216 [2015]).
In light of the issues of fact that exist as to the extent of defendant's liability for causing plaintiff's injuries, summary judgment on defendant's contractual indemnification claim against Prokraft would be premature (see Correia v Professional Data Mgt., 259 AD2d 60, 64 [1st Dept 1999]). Contrary to Prokraft's contention, the indemnification provision of its contract with defendant, which has a savings clause limiting any indemnification to the extent permitted by law, does not violate General Obligations Law § 5-322.1 (see Callan v Structure Tone,
Inc., 52 AD3d 334, 335 [1st Dept 2008]; see also Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK