Shala v Park Regis Apt. Corp. (2021 NY Slip Op 01870)





Shala v Park Regis Apt. Corp.


2021 NY Slip Op 01870


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 20796/15E Appeal No. 13440 Case No. 2020-04712 

[*1]Sahit Shala, Plaintiff,
v
Park Regis Apartment Corporation, Defendant.
Park Regis Apartment Corporation, Third-Party Plaintiff-Respondent,
v
ASA Building Maintenance, Inc., Third-Party Defendant-Appellant.


Carol R. Finocchio, Water Mill (Marie R. Hodukavich of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains (Gregory E. Walthall of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 21, 2020, which, to the extent appealed from as limited by the briefs, denied third-party defendant's (ASA) motion for summary judgment dismissing the third-party complaint and granted third-party plaintiff's (Park Regis) motion for summary judgment on its third-party claims for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to deny Park Regis's motion and grant ASA's motion as to the third-party common-law indemnification and contribution claims, and otherwise affirmed, without costs.
Plaintiff was injured while engaged in renovation of an apartment in Park Regis's cooperative building. The motion court correctly concluded that ASA, plaintiff's employer, was bound by the provisions of the alteration agreement between Park Regis and the nonparty cooperative shareholder lessees requiring the lessees' general contractor to indemnify and procure insurance in favor of Park Regis (see Workers' Compensation Law § 11; Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427 [2005]). ASA's contract with the shareholders, which required it to procure insurance "AS
PER . . . ALTERATION AGREEMENT," incorporated the insurance procurement provision of the alteration agreement. Further, ASA's field supervisor and project manager, who signed the contract, acknowledged that he was aware of and that ASA was bound by the terms of the alteration agreement requiring it to indemnify and procure insurance for the cooperative and that ASA had procured insurance for Park Regis as required by the alteration agreement.
Even if the alteration agreement were not signed by ASA, ASA would still be bound by it, because the record shows that it intended to be bound by it (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005] ["nothing in the language of (Workers' Compensation Law § 11) or its legislative history (suggests) that, in addition to requiring a written indemnification clause, the Legislature intended to deviate from the common-law rule that written documents can be enforced even if they are not signed"]). ASA's field supervisor and project manager testified that ASA "signs every alteration agreement[]" before commencing work, that he believed ASA had done so in connection with this project, that he understood ASA to be bound by the terms of the alteration agreement requiring it to procure insurance for and indemnify Park Regis, and that ASA had indeed procured insurance for Park Regis as required by the alteration agreement.
Because the indemnification provision contains a negligence trigger and issues of fact exist as to whether ASA was negligent, neither ASA nor Park Regis is entitled to summary judgment on Park Regis's claim for contractual indemnification. Similarly, issues of fact as to whether ASA procured the requisite insurance preclude summary judgment in Park Regis's favor on its claim for breach of contract [*2]for failure to procure insurance. While ASA provided a certificate of insurance naming Park Regis as an additional insured, "a certificate of insurance is merely evidence of a contract rather than conclusive proof that coverage was procured" (Prevost v One City Block LLC, 155 AD3d 531, 536 [1st Dept 2017]).
However, ASA is entitled to the dismissal of Park Regis's claims for common-law indemnification and contribution, because Park Regis failed to address ASA's contention that plaintiff did not sustain a grave injury (see Workers' Compensation Law § 11; Masiello v 21 E. 79th St. Corp., 126 AD3d 596 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021