Lewis v 96 Wythe Acquisition LLC (2022 NY Slip Op 02363)

Lewis v 96 Wythe Acquisition LLC

2022 NY Slip Op 02363

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 

Index No. 23716/15E Appeal No. 15638 Case No. 2021-02500 

[*1]William Lewis, Plaintiff-Respondent,
v
96 Wythe Acquisition LLC, et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents, All Island Masonry & Concrete, Inc., et al., Defendant/Third-Party Defendant-Respondent-Appellant.

Hardin Kundla McKeon & Poletto PA, New York (Stephen J. Donahue of counsel), for appellants-respondents.
Correia, Conway & Stiefeld, White Plains (Michael G. Conway of counsel), for respondent-appellant.
Silberstein, Awad & Miklos, P.C., Garden City (Jeffrey Bloomfield of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 28, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment on his common-law negligence and Labor Law §§ 200 and 240(1) claims and denied the motion of defendants 96 Wythe Acquisition LLC (96 Wythe) and Dimyon Development Corp. (Dimyon) for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims as against them, for contractual indemnification from defendant/third-party defendant All Island Masonry & Concrete, Inc.'s (All Island), and dismissing All Island's cross claims, unanimously modified, on the law, plaintiff's motion denied, 96 Wythe and Dimyon's motion granted to the extent of conditionally granting 96 Wythe and Dimyon's summary judgment on the contractual indemnification claim against All Island, and otherwise affirmed without costs.
The motion court should have denied plaintiff's motion for partial summary judgment as to liability under Labor Law § 240(1). Plaintiff testified at his deposition that an unsecured metal beam on a barella cart fell and struck him after a coworker moved the cart. All Island's project manager, however, testified that, in conversation after the accident, plaintiff had admitted to him that the metal beam slipped out of his hand. These two versions of how the accident happened, each given by plaintiff, the sole witness to the incident, are inconsistent with each other and give rise to an issue of fact as to whether plaintiff's accident was caused by a failure of a safety device within the purview of section 240(1) (see Albino v 221-223 W. 82 Owners Corp., 142 AD3d 799, 800-801 [1st Dept 2016]; Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]; see also Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841 [1994] [Labor Law § 240(1) not implicated where beam fell out of worker's hands]; Outar v City of New York, 286 AD2d 671 [2d Dept 2001], affd 5 NY3d 731 [2005]).
The motion court should also have denied plaintiff's motion with respect to the common-law negligence and Labor Law § 200 claims based on the contradictory accounts of the accident.
Summary judgment on the contractual indemnification claim against All Island must be granted conditionally rather than unconditionally, in light of the pending issues of fact as to defendants' negligence (see Aramburu v Midtown West B, LLC, 126 AD3d 498, 500-501 [1st Dept 2015]). Finally, dismissal of All Island's cross claims was properly denied. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022