Santacruz v 58 Gerry St. LLC
2026 NY Slip Op 04049
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jose Orlando Estela Santacruz, Plaintiff-Respondent-Appellant,
v
58 Gerry St. LLC, et al., Defendants-Respondents-Appellants.
58 Gerry St. LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
Capital Concrete NY Inc., Third-Party Defendant-Respondent-Appellant. (A Second Third-Party Action.)
58 Gerry St. LLC, et al., Third Third-Party Plaintiffs-Respondents-Appellants,
Great Maintenance NY Inc., Third Third-Party Defendant-Appellant-Respondent.
Capital Concrete NY Inc., Fourth Third-Party Plaintiff- Respondent-Appellant,
Dunn Co. Safety LLC, Fourth Third-Party Defendant- Respondent-Appellant.

Decided and Entered: June 25, 2026
Index No. 23434/19|Appeal No. 6963|Case No. 2025-00266|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Hannum Feretic Prendergast & Merlino, LLC, New York (Lisa L. Gokhulsingh of counsel), for appellant-respondent.
Greenberg & Stein, PC, New York (Ian H. Asch of counsel), for Jose Orlando Estela Santacruz, respondent-appellant.
Brody Law Group, PLLC, New York (Magdalene P. Skountzos of counsel), for 58 Gerry St LLC, 33 Bartlett LLC, Gerry Street Holdings LLC, Parkview Builders LLC, BT General Builders Inc., respondents-appellants.
Gerber Ciano Kelly Brady, LLP, Garden City (Brendan T. Fitzpatrick of counsel), for Capital Concrete NY Inc., respondent-appellant.
Kennedys CMK LLP, New York (Anthony J. Ranieri of counsel), for Dunn Co. Safety LLC, respondent-appellant.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered January 7, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) causes of action, denied the joint motion of defendants/third-party plaintiffs 58 Gerry St. LLC, 33 Bartlett LLC, Gerry Street Holdings LLC, Parkview Builders LLC, and BT General Builders Inc., d/b/a Preferred Builders (BT Builders) (collectively, Owner defendants) for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action as against them, denied the branches of third-party defendant/fourth third-party plaintiff Capital Concrete NY Inc.'s (C-Concrete) motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) causes of action, dismissing the Owner defendants' third-party cause of action for breach of contract against it for failure to procure insurance, and dismissing the Owner defendants' third-party common-law and indemnification claims against it, and denied third third-party defendant Great Maintenance NY Inc.'s (G-Maintenance) motion for summary judgment dismissing the Owner defendants' third-party claims for common-law indemnification and contribution, as well as all cross-claims, unanimously modified, on the law, to grant that branch of C-Concrete's motion to the extent it sought dismissal of plaintiff's Labor Law § 241(6) cause of action predicated on 12 NYCRR 23-1.27(d), (e), to grant that branch of C-Concrete's motion for summary judgment dismissing the Owner defendants' third-party claims against C-Concrete for breach of contract for failure to procure insurance, to grant that branch of C-Concrete's motion for summary judgment dismissing the Owner Defendants' third-party claim for contractual indemnification against it, to grant G-Maintenance summary judgment dismissing the third third-party claims against it for common-law indemnification and contribution, as well as all cross-claims, to dismiss plaintiff's grave injury claim, and to dismiss fourth third-party defendant Dunn Co. Safety LLC's (Dunn) appeal for lack of standing, and otherwise affirmed, without costs.
Plaintiff testified at his depositions that he was working as a carpenter/laborer for C-Concrete and G-Maintenance. He further stated that, while he was removing concrete forms from an elevator space, a long metal jack/post used to shore up decking for ceiling concrete forms fell against his head, back, and neck, causing him to fall to the floor, and resulted in a laceration of his right middle finger.
[*2]
Plaintiff's evidence established a prima facie violation of Labor Law § 240(1) in that he was injured by an allegedly unsecured jack/post that toppled onto him from its standing vertical height of 8 to 10 feet with a weight of approximately 50 pounds (see Argueta v 39 W 23rd St. LLC, 236 AD3d 564, 565 [1st Dept 2025]; Ruiz v Phipps Houses, 216 AD3d 522, 522 [1st Dept 2023]).
In opposition, the Owner defendants and C-Concrete raised triable issues of fact as to how plaintiff was injured through their submission of an incident report and hospital records. The preparers of the records testified at deposition that they had a duty to make the records and that it was plaintiff who provided the information regarding his accident and how he was injured. Although plaintiff testified at his deposition that the jack/post fell on him, the records submitted by the Owner defendants and C-Concrete contain statements allegedly made by plaintiff that he hit his finger with a hammer while pulling out a pin in the post, and that he was using a pulley when it accidentally cut and crushed his finger. These inconsistent versions of how the accident happened, at least one of which would not implicate the protections of Labor Law § 240(1), give rise to an issue of fact for a jury (see Lewis v 96 Wythe Acquisition LLC, 204 AD3d 470, 471 [1st Dept 2022]).
Plaintiff's Labor Law § 241(6) cause of action predicated on 12 NYCRR 23-1.27(d) and (e) should have been dismissed as inapplicable to the facts because the jack/post involved was a stationary support post used in concrete decking (see Wegner v State St. Bank & Trust Co. of Conn. Natl. Assn., 298 AD2d 211, 212 [1st Dept 2002]). As to plaintiff's reliance on 12 NYCRR 23-2.2(a), (b), and (c)(1) to support his Labor Law § 241(6) claim, triable issues of fact exist as to the applicability of the Industrial Code sections given the conflicting evidence as to whether the beamed structure that supported the concrete forms was complete and erected as designed (see Urquia v Deegan 135 Realty LLC, 231 AD3d 567, 569 [1st Dept 2024]).
As to plaintiff's Labor Law § 200 and common-law negligence claims, there is no dispute that the Owner defendants did not exercise control over the means and methods of plaintiff's injury-producing work, but factual issues remain as to whether the Owner defendants had actual or constructive notice of the alleged dangerous condition of the jack/post (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). The Owner defendants did not offer evidence as to when the jack/post supports to the decking were last inspected, and whether or not they possessed or lacked the authority to control site safety and the equipment used on the project (see Bolson v UJA-FED Props., Inc., 224 AD3d 584, 585 [1st Dept 2024]; Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422-423 [1st Dept 2021]).
[*3]
The motion court should have dismissed the Owner defendants' third-party claim against C-Concrete for breach of contract for failure to procure insurance as C-Concrete established it provided the insurance coverage required by the subcontract (see Astrakan v City of New York, 184 AD3d 444, 445 [1st Dept 2020]).
C-Concrete was also entitled to summary judgment dismissing the Owner defendants' third-party claims for indemnification against it as barred by the anti-subrogation doctrine (see Urquia, 231 AD3d at 569). The Owner defendants are named as additional insureds on C-Concrete's Commercial General Liability (CGL) policy. However, to the extent the Owner defendants' contractual indemnification claims seek relief in the event a liability award exceeds the CGL policy limits, the umbrella/excess liability coverage required under the subcontract terms would be triggered (see id.). Should plaintiff obtain a settlement or judgment that exceeds the policy limits, the Owner defendants would be entitled to contractual indemnification from C-Concrete to the extent not barred by the anti-subrogation rule (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]).
The motion court correctly denied that branch of C-Concrete's motion for summary judgment dismissing the third-party contribution and common-law indemnification claims against it. "An employer shall not be liable for contribution or indemnity to any third person" for employee injuries unless the "employee has sustained a 'grave injury.'" (Worker's Compensation Law § 11[1]). This protection extends to both "general" and "special" employers — an employer to whom an employee "is transferred for a limited time of whatever duration" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359 [2007] [internal quotation marks omitted]). Here, triable issues exist as to C-Concrete's claimed "special employee" relationship with plaintiff because the record does not include either a written agreement between G-Maintenance and C-Concrete setting forth the terms for the exchange of laborers between the companies, or sufficient evidence to show that G-Maintenance surrendered control over its workers (cf. Ceja v Posillico Civ., Inc., 244 AD3d 514, 514 [1st Dept 2025]).
[*4]
However, the motion court should have granted G-Maintenance summary judgment dismissing the Owner defendants' third third-party claims against it for common-law indemnification and contribution, as well as all cross claims against it. Here, there is no real dispute G-Maintenance was plaintiff's general employer. The workers' compensation board found G-Maintenance to be plaintiff's employer, and plaintiff received a workers' compensation award (see O'Rourke v Long, 41 NY2d 219, 228 [1976]; see also Cunningham v State of New York, 60 NY2d 248, 253 [1983]). Moreover, the parties never challenged G-Maintenance's employer/employee relationship with the plaintiff. The motion court properly found that plaintiff did not suffer a grave injury as plaintiff's medical professionals did not offer an opinion that plaintiff was permanently totally disabled and unemployable in any capacity (Workers Compensation Law § 11; see Ruebis v Aqua Club Inc., 3 NY3d 408, 417 [2004]).
Finally, we decline to search the record to give Dunn summary judgment on all its claims (see Otero v 635 Owner LLC, 210 AD3d 435, 438 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026