(October 31, 2006)

■ DAVID JONES et al., Appellants-Respondents, v WEST 56TH STREET ASSOCIATES et al., Defendants, CITYSPIRE CONDOMINIUM et al., Respondents, and CITYSPIRE CENTRE LLC, Also Known as CITYSPIRE CENTER LLC, Respondent-Appellant. LIBERTY MARBLE, INC., Third-Party Plaintiff, v ALL CITY MARBLE CORP., Third-Party Defendant-Respondent. (And Another Action.) [825 NYS2d 182]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 26, 2004, which to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment under Labor Law § 240 (1) against defendants Cityspire Condominium, Cityspire Centre LLC, Zeckendorf Realty L.P. and Liberty Marble, Inc. and denied the Cityspire defendants' cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiffs' motion with respect to Zeckendorf Realty was properly denied since there are issues of fact as to whether Zeckendorf was a statutory agent with authority to supervise and control plaintiff's work (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). Similarly, there is insufficient evidence to conclude as a matter of law that Liberty Marble, a subcontractor, had authority to supervise or control plaintiff's work (*see Walsh v Sweet Assoc.*, 172 AD2d 111, 113 [1991], *lv denied* 79 NY2d 755 [1992]). Although plaintiff is correct that the Cityspire defendants are owners for purposes of assigning liability under Labor Law § 240 (1) (*see Coleman v City of New York*, 91 NY2d 821, 822 [1997]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]), summary judgment as to liability on the Labor Law § 240 (1) claim was properly denied since an is-

sue of fact exists as to the manner of the accident, and whether plaintiff's alleged injury was caused by a fall from a scaffold (*see Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207 [2002]; *Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641 [1998]; *Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125 [1996]; *Manna v New York City Hous. Auth.*, 215 AD2d 335 [1995]). Plaintiff testified in deposition that he lost his balance and fell off the scaffold when the saw he was using to cut stone "binded up." However, the day after the alleged accident plaintiff reported to his supervisor that he wrenched his back and made no mention of a fall from a scaffold. Nor did he mention a fall from a scaffold when he sought treatment from a chiropractor a few days later. Notably, plaintiff did not submit an affidavit from the coworker who was allegedly present at the time of the accident. In these circumstances, a factual issue is raised as to whether a violation of Labor Law § 240 (1) was a proximate cause of plaintiff's injury.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Sweeny, JJ.