■ BRYAN STEPHENS et al., Respondents, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant. [866 NYS2d 48]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 22, 2007, which denied defendant's motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action, unanimously modified,

on the law, to reflect the court's denial in its decision of defendant's motion for summary judgment on the section 241 (6) claim only with respect to Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (iii) (c); § 23-1.16 (b) and § 23-5.1 (j) (1), and otherwise affirmed, without costs.

Plaintiff Bryan Stephens, while working at the Triborough Bridge, allegedly fell from a prefabricated temporary stairway as he and his foreman were attempting to attach the stairwell to the bridge's anchorage. Plaintiff maintains that the stairway moved away from the anchorage, causing him to fall partially into the gap created between the anchorage and the stairway. An injured plaintiff is not required to show that he fell completely off an elevation device to the floor (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Pesca v City of New York*, 298 AD2d 292, 293 [2002]); however, plaintiff's inconsistent statements regarding how this incident occurred present issues of fact that cannot be resolved on a motion for summary judgment (*see Jones v West 56th St. Assoc.*, 33 AD3d 551 [2006]).

The court properly found issues of fact precluding summary judgment on plaintiffs' section 241 (6) claim to the extent it was based on still contested violations of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (iii) (c); § 23-1.16 (b) and § 23-5.1 (j). We note, however, that the court's decretal paragraph included these sections among those on which defendant's motion to dismiss was granted. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ. [*See* 2007 NY Slip Op 33395(U).]