Pinzon v Royal Charter Props., Inc. (2022 NY Slip Op 06891)

Pinzon v Royal Charter Props., Inc.

2022 NY Slip Op 06891

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 154903/17 Appeal No. 16803 Case No. 2021-03616 

[*1]Edier Pinzon, Plaintiff-Appellant,
v
Royal Charter Properties, Inc., et al., Defendants-Respondents.
Royal Charter Properties, Inc., et al., Third-Party Plaintiffs-Respondents,
v
Cushman & Wakefield, Inc., Third-Party Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Gregory Freedman of counsel), for appellant.
Law Office of Scott W. Pearl P.C., New York (Scott W. Pearl of counsel), for Royal Charter Properties, Inc. and Royal Charter Properties-East, Inc., respondents.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for Cushman & Wakefield, Inc., respondent.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about September 10, 2021, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against defendant Royal Charter Properties, Inc., unanimously reversed, on the law, without costs, and the motion granted.
This personal injury action stems from an accident that occurred at property owned by Royal Charter and managed by third-party defendant Cushman & Wakefield, Inc. (C&W), plaintiff's employer. Plaintiff's accident occurred while he was plastering a portion of the wall and ceiling when the six-foot, A-frame ladder on which he was standing suddenly moved to the left, causing him to lose his balance and fall.
Plaintiff established his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim as against Royal Charter through his testimony that the ladder on which he was standing at the time of his accident moved from under him for no apparent reason (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see also e.g. Diming Wu v 34 17th St. Project LLC, 200 AD3d 508, 509 [1st Dept 2021]). It is irrelevant that plaintiff inspected the ladder and found it to be in good order before using it, as plaintiff is not required to demonstrate that the ladder was defective in order to make a prima facie showing of entitlement to summary judgment on his Labor Law § 240(1) claim (see Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]).
Moreover, plaintiff is entitled to summary judgment in his favor even though he was the only witness to his accident, as "nothing in the record controverts his account of the accident or calls his credibility into question" (Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]). While the opinions of defendants' expert engineer might relate to the issue of proximate causation of plaintiff's damages, i.e., whether plaintiff's claimed injuries were proximately caused by his accident (see generally Rodriguez v City of New York, 31 NY3d 312, 324 [2018]), they do not raise material issues (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312 [2004]) as to liability on the Labor Law § 240(1) claim.
The lone reference in one of plaintiff's supervisor's logs to the accident having occurred on "the stairs," as opposed to "the ladder," is also insufficient to preclude summary judgment, given the supervisor's many other references to plaintiff's accident involving a ladder; his admission that he had no personal knowledge of plaintiff's accident; and other inconsistencies in the supervisor's testimony, including his testimony that plaintiff never told him that he had fallen from a ladder but his recording in the incident report, based on information provided to him by plaintiff, that he had fallen from a ladder. For similar reasons, we reject the argument, based on our decisions in Vargas v City of New York (59 AD3d [*2]261 [1st Dept 2009]) and Jones v West 56th St. Assoc. (33 AD3d 551 [1st Dept 2006]), that there is no contemporaneous evidence corroborating plaintiff's accident because he declined medical treatment immediately after the accident and did not seek such treatment until two weeks later. Unlike the plaintiffs in Vargas and Jones, here plaintiff informed his supervisor about his accident immediately thereafter, and his supervisor prepared an incident report the same day.
Defendants' argument that plaintiff failed to identify a safety device that would have prevented his accident (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]), is improperly raised for the first time on appeal, and thus we decline to consider it. In any event, plaintiff established that he was provided with a safety device, i.e., a ladder, but that the ladder proved to be inadequate (see Myiow v City of New York, 143 AD3d 433, 437 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022