Vargas v Con Edison Co. of N.Y., Inc. (2024 NY Slip Op 00943)

Vargas v Con Edison Co. of N.Y., Inc.

2024 NY Slip Op 00943

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 158885/18 Appeal No. 1723 Case No. 2023-00651 

[*1]Jonathon Vargas, Plaintiff-Respondent,
v
Con Edison Company of New York, Inc., Defendant-Appellant.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellant.
Thomas O. O'Connor, PLLC, White Plains (Thomas O. O'Connor of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about January 13, 2023, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.
Triable issues of fact exist as to where and how the accident occurred, which preclude summary judgment on the issue of liability. Plaintiff's deposition testimony, complaint, and bill of particulars allege that he fell over a defective grate on a sidewalk in front of 333 West 46th Street in Manhattan. However, plaintiff initially filed a signed and notarized notice of claim alleging that he fell on a defective sidewalk in front of 346 West 46th Street, with no reference to a grate, raising an issue of fact that cannot be resolved on summary judgment (see Stephens v Triborough Bridge & Tunnel Auth., 55 AD3d 410, 411 [1st Dept 2008]; see also Rodriguez v New York City Hous. Auth., 215 AD2d 362, 363 [2d Dept 1995]).
Further, differing statements attributed to plaintiff in his medical record as to how the accident occurred, together with other evidence in the record, raise an issue of fact as to the cause of plaintiff's accident sufficient to preclude summary judgment (see Pina v Arthur Clinton Hous. Dev. Fund Corp., 188 AD3d 614 [1st Dept 2020]; Robles v Polytemp, Inc., 127 AD3d 1052, 1054 [2d Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024