**Portillo v TSTY Owner LLC**

2024 NY Slip Op 31489(U)

April 25, 2024

Supreme Court, New York County

Docket Number: Index No. 157187/2020

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                    PART          **57M**

*Justice*

-----------------------------------------------------------------------X

ELIO PORTILLO,                                       INDEX NO.        157187/2020

                        Plaintiff,       MOTION DATE      01/02/2024

              - v -                             MOTION SEQ. NO.      001

TSTY OWNER LLC, LENDLEASE (US) CONSTRUCTION
INC., TSTY CREATE LLC                                   **DECISION + ORDER ON
                                                             MOTION**

                  Defendants.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

## BACKGROUND

Plaintiff commenced this action seeking damages under the labor law for injuries he alleges he suffered while performing concrete work on a construction site.

On January 30, 2024, Plaintiff moved for summary judgment on liability on his Labor Law § 240(1) claim. On March 29, 2024, Defendants cross-moved for dismissal of said claim. On April 26, 2024, the motions were marked submitted.

The Court finds there are triable issues of fact regarding the manner in which the accident occurred and as such the motion and cross-motion are denied.

## ALLEGED FACTS

Plaintiff was employed by trade contractor Caulk Construction Corp. and/or Bunlin, LLC, as a carpenter, doing concrete work, at a premises owned by TSTY Owner, LLC . TSTY Create, LLC, an agent of the owner, retained Lendlease (US) Construction, Inc., as a general

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**                              **Page 1 of 4**
**Motion No.  001**

1 of 4

contractor/construction manager and retained Caulk and/or Bunlin for the carpentry concrete work.

Plaintiff was required to perform concrete work in the basement on its walls, which required a ladder to reach the upper wall. Plaintiff alleges he went to retrieve an A-frame ladder permitted for use for this work, but he first had to remove a 15-20 pound "L" shaped metal plate left at the top of the ladder, before he could relocate the ladder to where he needed to work. Plaintiff alleges he climbed the fully open ladder, lifted the metal plate, and dropped it to the floor when the ladder then moved, causing him to fall backwards. Plaintiff alleges his left foot and ankle landed in a hole in the concrete floor and his body landed backwards on the floor, injuring his left ankle, knee, back, and neck.

There were no other witnesses to the accident.

Defendants allege that Plaintiff reported that he injured himself when he twisted or turned his ankle while carrying a ladder. In response, an incident report was immediately prepared. The report, signed by Plaintiff states, "At 7:45 a.m., Elio Portillo was in the cellar level w side by the network protection room carrying a ladder. As he was walking, he slipped and twisted his left foot."

Plaintiff sought medical attention from the onsite medic who, after speaking to Plaintiff, wrote that the Plaintiff was "walking on the cellar level and he slipped on the wet floor and fell spraining his ankle."

Plaintiff also reported his accident to his foremen, Jose Aviles and Juan Martinez, who have provided affidavits stating that Plaintiff told them twisted his ankle while carrying a ladder.

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

## DISCUSSION

Summary judgment is a drastic remedy reserved for those cases where there is no doubt as to the existence of material and triable issues of fact (*Sillman v. Twentieth Century–Fox Film Corp.,* 3 N.Y.2d 395, 404, 165 N.Y.S.2d 498, 144 N.E.2d 387 [1957] ).

To prevail on a motion for summary judgment, the movant must establish, *prima facie,* its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.,* 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988).

In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

Plaintiff's moving papers are sufficient to establish a *prima facie* case for summary judgment showing that his injuries were proximately caused by a violation of Labor Law § 240 (1) by submitting his testimony that the ladder that he was using to slid causing him to fall. *See egMelendez v. 1595 Broadway LLC*, 214 A.D.3d 600, 601 (2023). However. in response Defendants have raised a triable issue of fact as to how the accident took place, relying on prior inconsistent statements Plaintiff allegedly made to Aviles and Martinez, as well as the statements reflected in the incident report and medics report.

157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC
Motion No.  001

Page 3 of 4

These triable issues of fact preclude an award of summary judgment to either party. *See eg Vargas v Con Edison Co. of NY, Inc.* 224 AD3d 581(1st Dept., 2024); *Smigielski v Teachers Insurance and Annuity Association of America* 137 AD3d 676 (1st Dept., 2016); *Albino v 221-223 West 82 Owners Corp.* 142 AD3d 799 (1st Dept., 2016); *Ellerbe v Port Auth. of NY & NJ* 91 AD3d 441 (1st Dept., 2012); *Stephens v Tri borough Bridge & Tunnel Auth.* 55 AD3d 410 (1st Dept., 2008); Jones v West 56th St. Assoc. 33 AD3d 551 (1st Dept., 2006); *Rodriguez v New York City Hous. Auth.* 194 AD2d 460 (1st Dept., 1993).

WHEREFORE it is hereby:

ORDERED that the motion and cross-motion are denied; and it is further;

ORDERED that counsel appear for a virtual pre-trial conference before the Court on May 30th, 2024 at 2:30 pm at which time a trial date will be set; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied.

This constitutes the decision and order of the Court.

| | |
|---|---|
| 20240425143934SBKRAUS7FDD139181AB48EB987A8665285B28CF | |
| **4/25/2024** | **SABRINA KRAUS, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**
**Motion No.  001**

**Page 4 of 4**

4 of 4