Scanlon v South St. Seaport L.P. (2026 NY Slip Op 00864)

Scanlon v South St. Seaport L.P.

2026 NY Slip Op 00864

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 155345/20, 595494/22|Appeal No. 5841|Case No. 2024-06261|

[*1]Michael Scanlon, Plaintiff-Respondent-Appellant,
vSouth Street Seaport Limited Partnership, et al., Defendants-Respondents, Plaza Construction, LLC, Defendant-Appellant-Respondent.

South Street Seaport Limited Partnership, et al., Third-Party Plaintiffs-Respondents,
vKenvil United Corp., et al., Third-Party Defendants-Respondents, Plaza Construction, LLC, Third-Party Defendant-Appellant.

Plaza Construction, LLC, Second Third-Party Plaintiff-Appellant,
vKenvil United Corp., et al., Second Third-Party Defendants- Respondents.

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellant/appellant-respondent.
Kazmierczuk & McGrath, Forest Hills (William Kazmierczuk of counsel), for respondent-appellant.
O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for Kenvil United Corp., respondent.
The Law Offices of Thomas Martyn, Hauppauge (Kevin J. McGinnis of counsel), for South Street Seaport Limited Partnership and Seaport Management Development Company, LLC, respondents.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about October 2, 2024, which, to the extent appealed, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied the cross-motion of defendant Plaza Construction LLC for summary judgment dismissing plaintiff's common law and Labor Law § 200 claims against it and on its contractual indemnification claim against third-party defendant Kenvil United Corp., unanimously modified, on the law, to grant Plaza summary judgment dismissing plaintiff's common law and Labor Law § 200 claims against it and on its claim for contractual indemnity against Kenvil, and otherwise affirmed, without costs.
That plaintiff could not describe how his injury occurred immediately after the accident does not bar recovery under his Labor Law § 240(1) claim. His account of the accident did not lack credibility, and indeed, the record establishes that he showed physical manifestations of an injury and was rendered incoherent, evidently because of an accident (see Groves v Land's End Hous. Co., 80 NY2d 978, 980 [1992]; Jones v West 56th St. Assoc., 33 AD3d 551, 552 [1st Dept 2006]). Moreover, none of the people on site at the time of plaintiff's incident offered any alternative version of the accident or any facts inconsistent with his falling off a ladder.
Nevertheless, summary judgment on the claim was properly denied because questions of fact exist as to whether plaintiff was the sole proximate cause of his accident (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Although the defense of sole proximate causation does not apply where an employer provides a defective device for use on a job site, the record contains contradictory evidence as to whether plaintiff's employer, Kenvil, provided the ladder at issue. We further note that plaintiff described it as "common knowledge" that it is unsafe to use a separated extension ladder. There is also evidence in the record that there were other safe, readily available means of access to the worksite.
While Plaza's cross-motion for summary judgment against plaintiff dismissing his common-law negligence and Labor Law § 200 claims was untimely, Supreme Court providently exercised its discretion in considering the cross-motion in the interest of justice. As Supreme Court noted, the cross-motion sought substantially the same relief as that sought by defendants South Street Limited Partnership and Seaport Management Development Company, LLC (see Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320, 321 [1st Dept 2008]; Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]).
On the merits, the court should have granted the cross-motion. The accident arose out of the contract work, triggering the indemnity provision, and Plaza did not exercise any control over the means or methods of the work being performed at the time of the accident such it can be said to have been responsible for the accident (see Foley v Consolidated Edison Co. of NY, Inc., 84 AD3d 476, 477 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026